666 So.2d 207 (1995)
Tommy Allen WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04180.
District Court of Appeal of Florida, Second District.
December 22, 1995.
James Marion Moorman, Public Defender, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ron Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant appeals his judgments and sentences for eight counts of attempted sexual battery by a person over eighteen years of age upon a child less than twelve years of age and ten counts of sexual activity with a child by a person in familial or custodial authority. The defendant's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an independent review of the record and the law, we see no error affecting his convictions and, therefore, affirm. However, we strike the $2 court cost assessed pursuant to section 943.25(13), Florida Statutes (1993). See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
In addition, we remand for correction of a scrivener's error. At the sentencing hearing, the state requested that the trial court order as a condition of probation that the defendant have "no contact with any children under the age of 18 without adult supervision." The trial court announced that the defendant "have no contact with children under the age of 16." The clerk notes contained in the record show that the trial court ordered "no unsupervised contact with any children under the age of 18 years." The order of probation provides "no unsupervised contact with any children under 18 years of age."
The state concedes that the order of probation conflicts with the trial court's oral pronouncement as to the age of minors with whom the defendant is forbidden to have contact. We are unable to determine whether the age inconsistency between the oral pronouncement and the various written notations was an intentional order, an inadvertent pronouncement, or a transcription error. Also, we note that the condition of probation as announced is too broad because it bars any contact with children rather than barring "unsupervised" contact. See Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995). Therefore, we reverse and remand for the trial court to address the inconsistency and clarify the probation condition in accordance with this opinion.
Affirmed in part, reversed in part, and remanded.
FRANK, A.C.J., and PARKER and FULMER, JJ., concur.