684 So.2d 899 (1996)
Roger S. INMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00572.
District Court of Appeal of Florida, Second District.
December 20, 1996.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Roger S. Inman appeals an order revoking his community control. We reverse because the evidence does not establish a substantial and willful violation.
On May 26, 1992, Mr. Inman pleaded guilty to three counts of sexual activity with a female child and two counts of lewd and lascivious acts involving the same child. §§ 794.041(2)(b), 800.04(1), Fla.Stat. (1991). He received concurrent suspended sentences for the five offenses. For the sexual activity *900 charges, he was placed on two years' community control followed by twenty years' probation. For the lewd and lascivious acts, the trial court placed Mr. Inman on two years' community control followed by thirteen years' probation.
On July 21, 1993, Mr. Inman allegedly violated a condition of his community control that prohibited contact with children under the age of eighteen. The evidence at the hearing on this alleged violation established that his ex-wife came to his home unannounced on July 21, 1993, about noon. He was planning to enter the hospital the following day, and his ex-wife explained that his two sons, ages eight and eleven, wished to see him. He was with his fiance at the time and advised his ex-wife that the children's visit would violate the conditions of his community control. Despite this information, she left the boys with Mr. Inman and his fiance. Shortly thereafter, a probation officer arrived because his office had received a telephone tip that children were at the home. The officer left before Mr. Inman's ex-wife came to pick up the boys.
A violation which triggers a revocation of probation must be willful and substantial and must be proven by the greater weight of the evidence. McCumber v. State, 682 So.2d 1214 (Fla. 2d DCA 1996). In this case, there is no evidence that Mr. Inman initiated the contact, and the undisputed evidence establishes that he attempted to avoid the unauthorized visit. Nothing refutes the testimony of both his ex-wife and his fiance that his two sons visited him at the insistence of their mother and in the presence of Mr. Inman's fiance. This is not evidence of a willful and substantial violation.
Reversed.
BLUE and FULMER, JJ., concur.