PER CURIAM.
Kevin Wagland appeals an order revoking his probation for violating a special condition prohibiting him from having contact with any child under the age of sixteen years. Wag-land also appeals his sentence of fifteen years for burglary of a structure. We reverse because Wagland’s violation was neither willful nor substantial. Our reversal of the revocation of probation renders the sentencing issue moot.
Wagland was serving a term of three years’ probation following his conviction for *1017 dealing in stolen property and burglary of a structure. His probation was revoked when he committed a lewd and lascivious act upon a neighbor’s child. An order of community control was entered that contained a special condition prohibiting Wagland from having contact with children under the age of eighteen years until he successfully completed a sex offender treatment program, and providing for supervised visitation with his own children. The mother of Wagland’s children had left him and would not take their children. Because the probation order allowed Wagland only supervised contact with his children, he arranged for friends to take care of the children at night so they would not have to go into foster care. His fiancee, who lived with him, took care of the children at Wagland’s trailer during the day when he was at work.
The trial court revoked Wagland’s community control when he left his approved residence and had contact with his fiancee’s child. Wagland was again placed on community control, which was converted to probation at the end of the first year. This second community control order prohibited Wagland from having contact with any child under the age of sixteen years, but did not require sex offender treatment and failed to address Wagland’s contact with his own children. Wagland’s probation officer told Wagland and his fiancee that Wagland was still allowed adult-supervised visitation with his children, and agreed that his fiancee could be the supervising adult. Wagland continued to attend the sex offender treatment program, hoping the court would let the children live with him when he completed the program.
Three months before Wagland was to have completed the program, the children’s nighttime caretakers dropped them off at his trailer unexpectedly, in the middle of the night. Wagland’s new probation officer visited Wag-land’s residence later that morning after Wagland went to work and found two children there with Wagland’s fiancee. The probation officer confronted Wagland at his place of employment and inquired about his possible contact with the children who were at the residence. Wagland stated that he was allowed to have supervised contact with his own children, admitted that his children had spent the night at the residence, and also stated that he really did not have contact with them because he stayed in the other half of the trailer. The probation officer filed an affidavit alleging that Wagland violated the condition of his probation that he have no contact with children under the age of sixteen years. The trial court revoked Wag-land’s probation and sentenced him to concurrent prison terms of fifteen years each for the underlying offenses.
Wagland argues that the greater weight of the evidence does not support the trial court’s determination that Wagland willfully and substantially violated his probation. We agree. A violation of probation must be willful and substantial, and must be proven by the greater, weight of the evidence, in order to trigger a revocation of probation. Inman v. State, 684 So.2d 899, 900 (Fla. 2d DCA 1996). Furthermore, the State’s ability to prove a willful violation in this ease is made more difficult because of the successive orders that contained similar, but. different, conditions together with the varying interpretations placed on the conditions by a series of probation officers assigned to Wagland. “[A]ny ambiguity in a condition imposed at sentencing will affect the state’s ability at a later date to establish a willful violation of that condition.” Johnson v. State, 701 So.2d 367 (Fla. 2d DCA 1997).
There is no evidence in this record that Wagland initiated contact with the children, and nothing refutes the testimony that the children were dropped off, unexpectedly, at his residence. There is also no evidence refuting the testimony that Wagland and his fiancee were told by a former probation officer that he was still allowed to have supervised contact with his own children after the second order was entered. This court addressed a similar situation in Inman. Inman was convicted of lewd and lascivious acts with a child and placed on probation with a special condition that he have no contact with children under the age of eighteen. The trial court revoked Inman’s probation for violating the special condition when his ex-wife unexpectedly left his children at his home, despite Inman’s protest that he would be violating *1018 community control conditions. This court held that the greater weight of the evidence failed to show a willful and substantial violation because nothing refuted the testimony that Inman’s children were at his home “at the insistence of their mother and in the presence of Mr. Inman’s fiancee.” Id. at 900.
We reach the same conclusion here and hold that the evidence failed to show a willful and substantial violation. Accordingly, we reverse the order of revocation. Because Wagland’s probation must be reinstated, we direct the trial court to refashion the special condition at issue to minimize the potential for unintentional violations. See Watkins v. State, 666 So.2d 207 (Fla. 2d DCA 1995) (probation condition barring contact with children under the age of sixteen is too broad); Swatzell v. State, 691 So.2d 594 (Fla. 3rd DCA 1997)(striking special condition prohibiting unsupervised contact with children under the age of eighteen as impermissibly broad because of possibility of unintentional violation); Rowles v. State, 682 So.2d 1184 (Fla. 5th DCA 1996)(probation condition prohibiting contact of defendant, convicted of lewd and lascivious act on a child, with any female child under the age of sixteen is too broad due to possibility of inadvertent violation). The court should also expressly address' the issue of contact by Wagland with his own children.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and FULMER and QUINCE, JJ., concur.