PER CURIAM.
We affirm appellant’s, Danion Lennon, conviction and sentence on the charge of robbery with a firearm. We remand, however, to the trial court to clarify the restitution order addressing the inconsistency between the oral pronouncement by the court and its written order.
At the sentencing hearing, the prosecutor addressed the court as follows:
Judge, there is also the issue of — I guess it’s kind of a moot point, but Florida Statute requires it, the issue of restitution.
What I would ask the Court to do, the Court heard the testimony from the victim who indicated that he lost $5,000.00 in value in jewelry, as well as hundreds in cash during the course of the robbery. I would ask that the Court enter an order of restitution in the amount of $115.00 on behalf of the victim, Alvin Richards.
The court responded, “so ordered.” The written Restitution Order directs appellant to make restitution to Mr. Richards in the amount of $5,100.
On appeal, appellant argues that the restitution order should be reversed because the court did not orally pronounce $5,100. The state counters that there is an obvious transcription error and urges affirmance or remand solely for the court to clarify. We accordingly remand for the trial court to clarify the restitution order. See Watkins v. State, 666 So.2d 207 (Fla. 2d DCA 1995) (reversing sentencing order and remanding for court to address the inconsistency between the oral pronouncement and the written order and clarify the probation condition).

Affirmed; Remanded For Further Proceedings.

POLEN, KLEIN and SHAHOOD, JJ., concur.