NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL A. CAMPOS,                          )
                                            )
            Appellant,                      )
                                            )
v.                                          )          Case No. 2D14-1867
                                            )
STATE OF FLORIDA,                           )
                                            )
            Appellee.                       )
                                            )
_____)

Opinion filed November 13, 2015.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender,
and Carol J.Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General,
Tampa, for Appellee.


CRENSHAW, Judge.


        Michael Campos challenges an order revoking his sex-offender probation

after the trial court found that he willfully and substantially violated a condition

prohibiting him from having contact with a minor. He argues that the State failed to

show the violation was willful and substantial. Because we agree that the trial court

erred in determining that Campos willfully and substantially violated the conditions of his probation, we reverse and remand for the trial court to reinstate probation.

Condition twenty-four of Campos's probation prohibited him from having any contact with a child under the age of eighteen unless approved by the court. Campos testified that he has never received approval for any supervised visits with minors. The State alleged he violated this condition

> by having unsupervised contact with a child under the age of 18, without the recommendation of a qualified practitioner and authorization of the sentencing court, and as grounds for belief that the offender violated his probation, [his probation officer] states that on 2/25/14, the offender did have unsupervised contact with a child under the age of 18, to wit: a white female approximately 2 years old, which officer observed in his room.

The State also alleged a violation of condition seven, which prohibited Campos from using intoxicants to excess. After a hearing, the trial court found that the State did not prove a violation of condition seven but that it did prove Campos willfully and substantially violated condition twenty-four:

> The second indicia, the contact with children, I believe the State has met their burden and I find that it is a willful violation of his community control. It's the house he listed. It's community control. He's always supposed to be there unless – he has permission from the Department to be anywhere else. If he listed a home with children and he knew they were there and there was one in his room I think the State met their burden and I find that it's a willful violation.

The trial court's finding of a willful and substantial violation is not supported by competent, substantial evidence. See Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013). The State presented no evidence that Campos actually had contact with a minor. While Campos did admit he knew there was a minor in the home

- 2 -

at the same time he was in the home, there is no evidence that he ever had contact with the minor or that the minor was ever in the same room with him. Moreover, there is uncontroverted evidence that Campos was only at the home at the time of the violation because his probation officer called him and told him to meet him there, as Campos had just been released from jail that morning and the officer needed to conduct a home visit. Once Campos received the call, he went to the home where he remained until the probation officer arrived roughly fifteen minutes later. Campos testified that the only reason the minor was at the home at that time was because her grandmother, Campos's girlfriend, was picking up the last of their belongings as she and the minor left the house in anticipation of his arrival from jail. Thus, to the extent that the violation occurred simply because he was in the same house as a minor, this fact was actually induced by Campos's compliance with his probation officer's commands.

In Inman v. State, 684 So. 2d 899 (Fla. 2d DCA 1996), this court reversed a similar order revoking community control because the evidence did not establish a substantial and willful violation of the condition that the defendant not have contact with a minor. In reversing the order, this court noted that there was no evidence that Inman initiated the contact with the minors and the evidence actually established that he attempted to avoid the prohibited contact. Id. at 900. Here, there is no evidence that Campos even had contact with a minor, and there is uncontroverted evidence that he was only present in the home at the same time as the minor because his probation officer ordered him to go to the home. See also Wagland v. State, 705 So. 2d 1016, 1017 (Fla. 2d DCA 1998) (noting that the defendant's violation of a condition of probation was neither willful nor substantial where "[t]here [was] no evidence in [the]

- 3 -

record that Wagland initiated contact with the children, and nothing refute[d] the testimony that the children were dropped off, unexpectedly, at his residence").

Based on the record before us, there is not competent, substantial evidence that a violation of condition twenty-four ever occurred, much less a willful and substantial one. And as the State properly concedes, the order of revocation erroneously reflects a violation of condition seven when the trial court orally determined that the State had not proved that violation. Accordingly, we reverse the order of revocation and remand for reinstatement of Campos's probation. See id. at 1018.

Reversed and remanded.

ALTENBERND and NORTHCUTT, JJ., Concur.