SCHEB, Acting Chief Judge.
Defendant Ronald Griffin appeals the trial court’s revocation of his probation and his judgments and sentences for grand theft and escape. We reverse.
In 1980 the court placed the defendant on two concurrent five-year probation terms for grand theft and escape. The court also ordered him to pay various fines and costs and make restitution. On June 26, 1984, defendant’s probation officer filed an affidavit charging him with violating probation in both cases. The officer alleged that defendant had been convicted of out-of-state offenses while on probation and had failed to pay the fines and costs and make restitution.
At the probation revocation hearing, the probation officer testified he never personally supervised defendant but had reviewed documents which indicated that defendant was convicted of fraudulent check charges in South Carolina. These documents were not entered into evidence. When the trial judge asked defendant if he admitted or denied the South Carolina convictions, defendant replied, “Yes, sir.” Without determining whether this affirmative response was an admission or denial of the convictions, the court revoked defendant’s probation. The allegations of nonpayment were not addressed at the hearing.
At the sentencing hearing, the trial judge adjudicated defendant guilty of grand theft and escape and sentenced him to five years’ imprisonment on each charge to be served concurrently. The sentencing guidelines scoresheet totaled 142 points, which provided a recommended range of two and one-half to three and one-half years’ imprisonment. In writing the judge explained that he had departed from the guidelines because, among other things, the defendant had violated the conditions of his probation. The judge wrote that he would have departed “whether or not less than all of the reasons [were] sufficient.”
On appeal, defendant raises two points. We need only address the first point which is dispositive of the case. Defendant contends that the trial court erred in revoking his probation without sufficient proof of violation of probation. He is correct.
Since the documents substantiating the South Carolina convictions were not entered into evidence and defendant did not clearly admit the convictions, the evidence of the criminal convictions came solely from the probation officer’s testimony. This testimony was totally hearsay; there *1314 fore, the South Carolina convictions cannot stand as, a basis for revocation. See Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980); Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976).
In addition, the ability to pay costs and fines and make restitution must be shown before nonpayment may be used to justify revocation of probation. Raines v. State, 445 So.2d 408 (Fla. 2d DCA 1984); Brown v. State, 429 So.2d 821 (Fla. 2d DCA 1983). No evidence was introduced concerning the defendant’s ability to make these payments. Thus, his alleged failure to pay them could not be used to revoke his probation.
Consequently, the trial court erred in revoking defendant’s probation and listing both the substantial and technical violations of probation on the written order revoking probation.
Accordingly, we reverse the trial court’s revocation of defendant’s probation and his convictions and sentences for grand theft and escape. We remand for a new revocation hearing consistent with this opinion. See Clemons. If the trial court finds defendant’s probation should be revoked, it may sentence him within the next higher guidelines range above the recommended range without providing written reasons for departure. Fla.R.Crim.P. 3.701(d)(14). If the court decides to depart from the guidelines and sentence the defendant in excess of the next higher range, it must articulate in writing clear and convincing reasons for departure. Crews v. State, 477 So.2d 1093 (Fla. 2d DCA 1985).
LEHAN and FRANK, JJ., concur.