571 So.2d 1380 (1990)
Anthony Levine HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01303.
District Court of Appeal of Florida, Second District.
December 21, 1990.
*1381 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Anthony Levine Haynes, challenges a trial court finding that he violated the terms and conditions of his probation and community control and the judgments and sentences imposed upon him as a result of that finding. We hold that the court properly found that the appellant violated the terms and conditions of community control, but remand for the entry of a proper order and for resentencing.
On September 2, 1987, the appellant was sentenced to two concurrent sentences of one year on community control to be followed by nine years of probation for the offenses of attempted sexual battery and aggravated battery.
On January 28, 1988, affidavits were filed charging the appellant with violating his community control and probation. The affidavits alleged that the appellant had failed to make certain required payments toward various costs that had been imposed against him and toward court ordered restitution. He was also charged with failing to attend the sex offender program, failing to report to his community control officer, and failing to remain at home during required hours. At the conclusion of the appellant's revocation hearing, the court found that the evidence supported each of the alleged violations and revoked his probation and community control. The appellant was subsequently sentenced to serve two concurrent ten year sentences. This timely appeal followed.
We agree with the appellant's contentions that the trial court erred by revoking his probation and community control for failure to make certain financial payments and for failure to complete a sex offender program. In order to revoke community control or probation on the basis of nonpayment of costs, fines, or restitution, it is necessary to present sufficient evidence to support a finding that the probationer had the ability to make the financial payments required of him. Griffin v. State, 481 So.2d 1312 (Fla. 2d DCA 1986). The record in this case does not support such a finding, but instead reflects that the appellant did not have the ability to make the required payments. The order requiring the appellant to complete a sex offender program did not specify when the program was to be completed and was not specific in other details concerning the program. The trial court, therefore, also erred in finding that the appellant, who testified that he was willing to enter and complete the program, had violated this condition of his community control and probation. Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990).
The state did, however, meet its burden of proving that the appellant violated his community control by failing to remain confined to his approved residence during required hours and by failing to report to his community control officer when required to do so. The trial court, accordingly, did not abuse its discretion by finding that the appellant had violated conditions (9) and (11) of his community control and revoking the appellant's community *1382 control for those violations. Dietz v. State, 534 So.2d 808 (Fla. 2d DCA 1988). The court failed, however, to enter a written order setting forth the conditions that were violated. We, accordingly, must remand for the entry of a proper order setting forth the conditions of community control which the state proved were violated, i.e. conditions (9) and (11). Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990).
Although we do not agree with the appellant's contention that his community control was improperly revoked, we do agree that the trial court erred in sentencing him. In preparing the guidelines scoresheet, the trial court improperly scored the aggravated battery charge which was committed in 1984 as prior record rather than as an additional offense. This resulted in a two cell increase in the recommended sentencing range. Prior offenses committed before the effective date of the 1986 amendment to the committee note to Florida Rule of Criminal Procedure 3.701(d)(5) are to be scored as additional offenses. Small v. State, 547 So.2d 273 (Fla. 2d DCA 1989).
We, accordingly, affirm the appellant's convictions and remand for the entry of a proper order of revocation and for resentencing with a proper scoresheet.
Affirmed in part, reversed in part, and remanded.
LEHAN and ALTENBERND, JJ., concur.