INGRAM, Justice.
Mary Carolyn DeJonker appeals from the circuit court’s dismissal of her action for statutory redemption.
The evidence, which was largely undisputed, shows the following facts: Bobby McCaig purchased the real property at issue at a mortgage foreclosure sale on January 13, 1992. On September 10, 1992, DeJonker made a written demand, in accordance with § 6-5-252, Ala.Code 1975, for a written statement of the debt and lawful charges claimed by McCaig. McCaig responded on September 18, 1992; he claimed $12,417.00 as the price paid at the foreclosure sale; $110.79 as property taxes paid; $224.00 as insurance premiums paid; and $24,000.00 as the value of permanent improvements.
On January 13, 1993, DeJonker filed this action in Morgan County, seeking to redeem the property. DeJonker did not pay the amount of MeCaig’s claimed debt and lawful charges into the trial court. See § 6-5-256, Ala.Code 1975. She claimed that tender of the amount claimed was excused because, she alleged, the amount claimed was disputed and could not be ascertained.
McCaig filed a motion to dismiss, arguing that the only “disputed” item was the amount claimed for permanent improvements and that DeJonker’s failure to appoint, within 10 days of the written statement of debt and lawful charges, a referee to determine the value of permanent improvements precludes DeJonker from disputing that amount. Therefore, McCaig argued that there was no *576 excuse for nonpayment of the amount given in the written statement and that DeJonker’s failure to pay that amount into court requires dismissal of her action.
We note that DeJonker disputes only the amount claimed as “value of permanent improvement.” As stated above, McCaig gave DeJonker a written statement including the amount claimed as value for permanent improvements. Thereafter, under the express terms of § 6-5-254, DeJonker had 10 days to
“either ... accept the value so stated by the then holder of the legal title or, disagreeing therewith, ... appoint a referee to ascertain the value of such permanent improvements and in writing notify the then holder of the legal title of ... her disagreement and of the fact and name of the referee appointed by ... her.”
§ 6-5-254(a), Ala.Code 1975.
The parties agree that DeJonker did not appoint a referee within 10 days of receiving McCaig’s written statement. Section 6-5-254(b) states:
“If a person offering to redeem fails or refuses to nominate a referee as provided in subsection (a) of this section, ... she must pay the value put upon the improvements by the then holder of the legal title.”
Given the express terms of § 6-5-254, we must conclude that the “value of ... permanent improvements” was not in dispute when DeJonker filed this action. She does not dispute any other item included in McCaig’s written statement; therefore, as a matter of law, there was no dispute as to the amount to be paid to McCaig to redeem the property. The trial court properly dismissed the action, based upon DeJonker’s failure to tender payment. See § 6-5-256, Ala.Code 1975.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and “'STEAGALL, JJ., concur.