RICHARD L. HOLMES, Retired Appellate Judge.
This case concerns the efforts of Isaac C. Dailey to redeem certain real property from a foreclosure sale.
Our review of the record reveals the following pertinent facts: In June 1992 the Farmers Home Administration, United States Department of Agriculture (FHA), foreclosed on a mortgage made by Dailey and his wife, Juanita Dailey. Juanita Dailey is not involved in the present case. At the foreclosure sale, the FHA purchased the property for $15,000.
On November 9,1992, the FHA received a letter from Dailey, which stated that he desired to redeem the property from the foreclosure sale and requested that a list of all lawful charges be forwarded to him. The FHA responded to this request by letter dated November 16, 1992. The letter listed the following lawful charges: principal balance of $13,664.27, interest of $4,791.05, advertising costs of $100.30, and costs of improvements of $15,800.00. There was no further response from Dailey, and in January 1993 Sammie L. Howard purchased the subject property for $32,000.
On May 18,1993, Howard received a letter from Dailey, which stated Dailey’s desire to redeem the property pursuant to his right of redemption and requested that a list of all lawful charges be forwarded to him. Howard did not respond to this letter.
On June 10, 1993, Dailey filed a complaint for redemption of property, pursuant to Ala. Code 1975, § 6-5-252. In his complaint, Dailey suggested that $15,000, the amount paid by the FHA at the foreclosure sale, was the appropriate amount required to redeem the property. In the alternative, Dailey requested the court to determine the correct amount to be paid to exercise his right of redemption.
Howard filed an answer, wherein he denied that Dailey could exercise his right of redemption by the payment of $15,000 and alleged that $32,000, plus interest, should be the amount paid by Dailey to exercise his right of redemption. Thereafter, Howard filed an amended answer, wherein he alleged that, because of the November 16, 1992, letter from the FHA to Dailey, the amount to effect redemption was ascertainable by Dai-ley at the time he filed the complaint for redemption and that Dailey failed to pay into court those sums when he filed the complaint for redemption.
Dailey filed a motion, wherein he requested that the trial court issue an order determining the amount necessary to redeem the property in the present case. The trial court held a hearing on this motion and issued an order. The order stated that Dailey must pay $34,986.59, plus interest, in order to redeem the property.
Dailey appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Dailey contends that he should be allowed to redeem the property for $15,-000 because that was the purchase price paid at the foreclosure sale by the FHA and because Howard forfeited all claim or right to compensation for improvements when he failed to respond to Dailey’s request to provide a list of all lawful charges.
Ala.Code 1975, § 6-5-254, provides, in pertinent part:
“In response to a written demand made under Section 6-5-252, the then holder of the legal title shall, within 10 days from the receipt of such demand, furnish the proposed redemptioner with the amount claimed as the value of such permanent improvements; and within 10 days after receipt of such response, the proposed re-demptioner either shall accept the value so *631 stated by the then holder of the legal title or, disagreeing therewith, shall appoint a referee to ascertain the value of such permanent improvements and in writing notify the then holder of the legal title of his or her disagreement and of the fact and name of the referee appointed by him or her....
“(b) If a person offering to redeem fails or refuses to nominate a referee as provided in subsection (a) of this section, he or she must pay the value put upon the improvements by the then holder of the legal title.”
(Emphasis added.)
In light of the above, Dailey is bound by the value placed on the improvements by the FHA in its November 16, 1992, letter because Dailey failed to appoint a referee and, thus, is precluded from disputing those amounts. DeJonker v. McCaig, 628 So.2d 575 (Ala.1993).
The above being dispositive of the appeal, other issues raised by Dailey need not be addressed.
This ease is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court. AFFIRMED.
All the Judges concur.