696 So.2d 1270 (1997)
Todd REMICH, a/k/a Todd Remick, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04111.
District Court of Appeal of Florida, Second District.
July 2, 1997.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny Salgado, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Appellant, Todd Remich, challenges an order revoking his community control. We affirm the trial court's revocation of Remich's community control on one of the two grounds orally pronounced at the revocation hearing, but remand to the trial court for entry of a written order of revocation.
*1271 Remich was charged with burglary and grand theft in violation of sections 810.02(3) and 812.014, Florida Statutes (1993), and entered into a negotiated plea agreement. Pursuant to the negotiated plea, Remich was placed on community control for one year, and probation for two years, to run concurrently. After Remich had served six months' community control, his community control officer filed an affidavit charging him with violating his community control by failing to return to and remain at home during designated hours and failing to appear at scheduled meetings with the community control officer.
Condition nine of Remich's community control provided that he was to report to his community control officer at least once a week or as otherwise directed by his community control officer. Condition ten provided that Remich be confined to his residence except for one-half hour before and after his approved employment, public service work, or any other special activities approved by the community control officer. At the revocation hearing, Remich admitted substantially all of the allegations in the violation affidavit, but denied that those acts constituted willful violations of the conditions of his community control.
We reverse the trial court's determination as to condition nine. While failure to report to the community control officer provides a basis for revocation of community control, there is substantial evidence in the record that Remich's violations of this condition are excusable because of a lack of transportation. Harris v. State, 610 So.2d 36 (Fla. 2d DCA 1992) (unintentional failure to meet with community control officer was not misconduct); Haynes v. State, 571 So.2d 1380 (Fla. 2d DCA 1990)(failure to make financial payments which was a condition of probation was not a ground to revoke probation if the defendant could not afford payments); Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986)(defendant who made reasonable effort to comply with community control, violation was not willful). Accordingly, revocation on this ground was inappropriate.
However, the trial court correctly found that Remich violated condition ten of the community control order. A violation which is both willful and substantial triggers a revocation of community control. Bourassa v. State, 684 So.2d 869 (Fla. 2d DCA 1996). Remich admitted purposefully leaving his home, without permission from the community control officer, to attend to unauthorized, albeit legal, activities. The trial court properly revoked Remich's probation for deliberately failing to remain at home during the time periods set forth in the community control order. Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992); Haynes, 571 So.2d at 1381. We affirm the trial court's ruling on this ground.
Although we affirm revocation of Remich's community control, we must nevertheless remand for further proceedings. A revocation order must set forth the specific conditions violated. Maxlow v. State, 636 So.2d 548 (Fla. 2d DCA 1994); Haynes, 571 So.2d at 1381-82. The trial court failed to enter such an order in this case. Accordingly, we remand to the trial court for entry of a written order setting forth Remich's violations of condition ten of the community control order.
Affirmed in part; reversed and remanded in part.
THREADGILL, A.C.J., and NORTHCUTT, J., concur.