PER CURIAM.
In this appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have found no error affecting Banks’ conviction; however, we agree with Banks’ counsel that one cost and three probation conditions must be stricken.
The trial court ordered Banks to pay $100 for the investigative costs of the Sarasota Sheriffs Office. Section 939.01, Florida Statutes (1993), provides that the costs of prosecution shall be imposed “if requested and documented by such agencies.” At the sentencing hearing, there was no request for this cost by the sheriffs office and there was no documentation presented supporting the cost. Consequently, we strike this cost. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Additionally, the trial court improperly imposed special conditions of probation without announcing these conditions at sentencing. This was error. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We strike that portion of probation condition 12 which requires Banks to pay for random drug, alcohol and controlled substance tests, because it was not orally pronounced at sentencing. See Williams v. State, 700 So.2d 750 (Fla. 2d DCA 1997). We also strike condition 13 which requires Banks to make a good faith effort to obtain either literacy skills or a high school diploma, because this is a special condition of probation. See Powell v. State, 681 So.2d 722 (Fla. 2d DCA 1996).
Accordingly, we affirm Banks’ judgments and sentences, but we strike one cost and three probation conditions.
PATTERSON, A.C.J., and WHATLEY and QUINCE, JJ., concur.