762 So.2d 560 (2000)
Wallace LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2064.
District Court of Appeal of Florida, Fifth District.
June 30, 2000.
Gregory Eisenmenger and Robert R. Berry of Eisenmenger & Berry, P.A., Melbourne, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Wallace Lane contends that the trial court abused its discretion when it revoked his probation. The court found that Lane willfully and substantially violated the terms of his probation by refusing to submit to a polygraph test ordered by his sex offender counselor although the test was not required by the court that imposed probation in 1990.
Lane's condition of probation required that he "undergo psychiatric/mental health counseling at/with Duncan Bowen...." Seven years later Lane sought to clarify a requirement imposed by Dr. Bowen that he submit to polygraph testing as part of his sex offender treatment. During that hearing, Dr. Bowen testified that he made polygraph testing a part of his program in 1997 when Florida Statutes, section 948.03(5)(b)1, was enacted requiring annual polygraph testing for persons placed on sex offender probation for crimes committed on or after October 1, 1997. The trial court denied Lane's motion to clarify finding that it lacked jurisdiction to modify the terms of probation.
Lane then refused to submit to the polygraph testing and was charged for failure to complete treatment with Dr. Bowen. He candidly admits that he chose not to *561 submit to the testing in order to challenge Dr. Bowen's requirement in court.
We have held that a trial court may impose polygraph testing as a condition of probation. See Cassamassima v. State, 657 So.2d 906 (Fla. 5th DCA 1995). Since 1997, trial courts are required to prescribe annual polygraph testing for those placed on sex offender probation pursuant to section 948.03(5)(b)1. Testing of those on probation to determine compliance with conditions imposed by the court are an important part of programs designed to rehabilitate offenders. Notwithstanding, the use of polygraphs in criminal proceedings has been controversial since the apparatus was first introduced. The results of a polygraph test remain inadmissible in both civil and criminal cases because of unreliability. See, e.g., Farmer v. City of Ft. Lauderdale, 427 So.2d 187 (Fla. 1983); Kaminski v. State, 63 So.2d 339 (Fla.1952). It is only in recent years that the use of polygraphs has had limited acceptance and it is doubtful that polygraph testing was contemplated by either the court or the treating physician when Lane was placed on probation. Accordingly, we hold that the physician imposed requirement that a polygraph be introduced into a treatment program for crimes committed before October 1, 1997 cannot be the basis for a revocation of probation by one who balks at compliance. Cf. Wright v. State, 687 So.2d 291 (Fla. 5th DCA 1997) (alleged probation violation, based on defendant's failure to undergo DNA testing as instructed by his probation officer, could not be considered at probation violation hearing, when original probation order did not require defendant to submit to DNA testing and alleged violation was based on condition of probation requiring defendant to follow probation officer's lawful instructions).
We reverse the order revoking probation and vacate the sentence imposed. We remand to the trial court and instruct it to restore Lane's conditions of probation.
REVERSED and REMANDED.
HARRIS, J., concurs.
PLEUS, J., dissents without opinion.