799 So.2d 430 (2001)
Timothy Allen MEADE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0168.
District Court of Appeal of Florida, First District.
November 16, 2001.
*431 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Elizabeth Fletcher Duffy Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals the trial court's order revoking his probation, and as grounds for reversal, argues there was no evidence other than hearsay to establish Appellant violated his probation, and Appellant's probation could not be revoked for failure to *432 pay for a polygraph test where paying for the test was not a condition of probation. The State argues the trial court correctly revoked Appellant's probation, because Appellant's own testimony provided the nonhearsay evidence that he violated the terms of his probation. We agree with Appellant and reverse.
As one of the conditions of Appellant's probation, Appellant was required to undergo a psycho-sexual evaluation and, if treatment was deemed necessary, to successfully complete treatment as directed by his probation officer. At the revocation hearing, over hearsay objections, Appellant's probation officer testified that Appellant's treatment counselor told him Appellant had been terminated unsuccessfully from the program because he failed to pay for a polygraph test, participate meaningfully in the program, or do his homework. The State moved the report prepared by Appellant's treatment counselor into evidence. Appellant's counsel objected on grounds the report was hearsay and written by a person who was not present to verify its contents. The report provided that Appellant refused to pay for and take a polygraph test; Appellant was told he would be terminated from treatment if he did not take the polygraph test; and Appellant put forth no effort to understand the material covered in treatment. Appellant's counsel's objection was overruled.
Both the probation officer and Appellant testified that Appellant missed two classes because of transportation problems and illness. Appellant also testified that he meaningfully participated in class by truthfully answering all questions and trying to participate in conversations, and he failed to turn in some homework because, due to rheumatoid arthritis, the joints in his hands were swollen and he could not write. It was uncontested that paying for a polygraph test was not a condition of Appellant's probation.
"A violation which triggers a revocation of probation must be `willful and substantial.'" Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993). "Where a probationer makes reasonable efforts to comply with a condition of probation, violation of the condition cannot be deemed `willful.'" Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996). In this case, there is no evidence Appellant willfully failed to comply with the conditions of his probation. It is well established that failure to keep an appointment due to transportation problems is a valid excuse and is insufficient to demonstrate willful and substantial noncompliance with a condition of probation. See Rodriguez v. State, 768 So.2d 1234, 1235 (Fla. 5th DCA 2000); see also Butler v. State, 775 So.2d 320, 321 (Fla. 2d DCA 2000) (failure to enroll in educational classes because of transportation problems does not constitute a willful and substantial probation violation); Remich v. State, 696 So.2d 1270, 1271 (Fla. 2d DCA 1997) (no willful violation of condition of probation because failure to report to community control officer was excusable based on lack of transportation); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992) (probationer's unsuccessful, "quixotic and inept" attempt to attend class for sex offenders based on transportation problems precluded a finding of willful violation of probationary term requiring attendance).
Similarly, illness can render technical violations of probation not substantial or willful because a mental or physical illness can be debilitating to the point that a probationer cannot comply with the terms of probation. See Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999) (probationer suffering from severe depression did not have the will to make decisions and, thus, did not willfully fail to *433 comply with reporting conditions of probation); Rainer v. State, 657 So.2d 1230 (Fla. 4th DCA 1995) (probationer's failure to complete rehabilitation program due to disciplinary problems resulting from Crohns disease did not constitute willful and substantial violation). Thus, evidence that Appellant failed to attend two classes because of illness and transportation problems was insufficient to establish a willful violation of the conditions of his probation.
Moreover, where a special condition of probation requiring a probationer to pay for testing is not orally pronounced, it is invalid. See Williams v. State, 700 So.2d 750, 751 (Fla. 2d DCA 1997), approved, State v. Williams, 712 So.2d 762, 764 (Fla.1998); see also Banks v. State, 708 So.2d 1034 (Fla. 2d DCA 1998); Ramos v. State, 696 So.2d 461, 465 (Fla. 4th DCA 1997). If polygraph testing was not required by the court when imposing probation, a probationer's refusal to submit to a polygraph test when subsequently ordered to do so as part of sex offender treatment cannot be the basis for revoking probation. See Lane v. State, 762 So.2d 560, 561 (Fla. 5th DCA 2000); cf. Wright v. State, 687 So.2d 291 (Fla. 5th DCA 1997) (alleged probation violation based on defendant's failure to undergo DNA testing as instructed by his probation officer could not be considered at probation revocation hearing when original probation order did not require defendant to submit to DNA testing). It is uncontested that paying for a polygraph test was not a condition of Appellant's probation. Thus, Appellant's failure to pay for the test cannot serve as a basis to revoke his probation.
Finally, both the probation officer's testimony and the treatment counselor's report were hearsay and, because the probation officer neither prepared nor was the custodian of the treatment counselor's report, the report was not subject to the business record exception. See Legree v. State, 739 So.2d 616, 617 (Fla. 1st DCA 1999) (while hearsay is admissible at a revocation hearing, it cannot be the sole basis for a finding of violation); see also § 90.803(6), Fla. Stat.; Love v. Garcia, 634 So.2d 158, 160 (Fla.1994) (for a document to be admitted under the business record hearsay exception, a predicate must first be laid by the records custodian or other qualified witness that the record was made in the course of a regularly conducted business activity and it was the regular practice of that business to make such report or record). Because this hearsay evidence was the only evidence Appellant was terminated unsuccessfully from the treatment program for willfully failing to participate, it is insufficient to support a finding of violation of probation. Accordingly, the order revoking Appellant's probation is REVERSED.
WOLF and VAN NORTWICK, JJ., concur.