801 So.2d 280 (2001)
Dan O'NEAL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4106.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
The trial court revoked appellant's probation based on his failure to file monthly reports for May and June 2000 and for his failure to complete a batterers intervention program. Under the facts of this case, we hold that appellant's failure to successfully complete the batterers intervention program was not a willful and substantial violation. Thus, we remand this matter with directions for the trial court to reconsider whether it would revoke appellant's probation based solely on his failure to file monthly reports.
As a special condition of appellant's probation, appellant was to attend and successfully complete a Batterer Intervention and Substance Abuse Program at Professional Counseling and Consulting. Appellant was discharged from that program for non-compliance with treatment and missed group sessions. Appellant was also instructed to report to his probation officer no later than the fifth day of each month unless otherwise directed.
It is an abuse of discretion to find a willful and substantial violation of probation where a defendant has expressed a willingness to complete or continue with a program and where the order of probation did not specify a date certain for compliance. See Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995)(abuse of discretion to find willful and substantial violation for failure to complete a residential alcohol program, where defendant expressed a willingness to complete some form of counseling, probation officer never explained that a condition of his community control was to complete the program and the order did not specify the period within which to complete the program or *281 how many chances he would be given to obtain success); see also Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000)(defendant's failure to enroll in GED classes was not a willful and substantial violation of his condition of probation where his failure to comply resulted from confusion regarding the requirement and because of a transportation problem, not because of a deliberate act of misconduct. Further, the condition did not specify a time by which classes were to begin and the probation officer did not specify a date certain for compliance); Jones v. State, 744 So.2d 537 (Fla. 2d DCA 1999)(defendant's failure to complete a residential treatment program was not willful or substantial, where, after defendant was discharged from the program, he expressed a willingness to continue in the program or complete some other form of drug treatment and the order did not specify the period for completing the program or the number of chances to obtain success).
In this case, appellant acknowledged that he was terminated from the batterer intervention program because he missed five sessions, four of which were consecutive. According to the clinical social worker from the program, a client is allowed three consecutive absences and four absences in total before being terminated from the program. Those clients terminated from the program were eligible to re-enroll in the program within the first three months and appellant was eligible to re-enroll. Appellant claimed he was absent because he was being evicted from his residence, was working late and had no transportation. Appellant's probation officer acknowledged that while he instructed appellant as to this special condition of probation, he did not instruct appellant that he had a specific time in which to complete the program.
Because appellant expressed a willingness to continue with his treatment and because he was informed that he could reenroll in the program and was never advised that he had to complete the program within a time certain, the trial court abused its discretion in finding his violation to be willful and substantial.
Further, while appellant was also found to be in violation of probation for failure to report for the months of May and June, the record does not reflect whether the court would have revoked his probation and sentenced him to three years in prison based solely on this technical violation. See Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000)(technical omission of failing to submit one monthly report, by itself, does not support revocation because it is not a substantial violation). Accordingly, we remand this matter to the trial court to reconsider its decision to revoke appellant's probation based on this technical violation alone, and the sentence imposed. Lastly, both parties concede that this matter must be remanded for entry of a written order of revocation of probation. See Ingram v. State, 754 So.2d 802 (Fla. 2d DCA 2000).
REVERSED AND REMANDED WITH DIRECTIONS.
KLEIN and GROSS, JJ., concur.