STEVENSON, J.
In March of 2002, James Shelton, the appellant, was on community control. Condition 1(a) of Shelton’s community control required that he “remain confined to [his] residence except one half hour before and after [his] approved employment, community service work, or any other activities approved by [his] officer.” The State filed an affidavit of violation, alleging that Shelton had violated this condition by failing to remain at his approved employment site on four days in March 2002. At the violation of community control hearing, Shelton’s employer testified that Shelton was not at work on the relevant dates. As a consequence of his failure to be at work, the trial court revoked Shelton’s community control.
It is well established that a defendant’s probation/community control cannot be revoked for conduct that is not prohibited or required by the order of probation/community control. See, e.g., Meade v. State, 799 So.2d 430, 432 (Fla. 1st DCA 2001)(holding that probation could not be revoked for defendant’s failure to pay for a polygraph test as this was not a condition of probation); Wright v. State, 687 So.2d 291 (Fla. 5th DCA 1997)(holding that probation could not be revoked for defendant’s failure to undergo DNA testing where probation order did not require such testing). Condition 1(a), the condition that Shelton was found to have violated, simply does not require him to be at his place of employment; rather, it requires him to be at home with some limited exceptions. Consequently, we reverse the order of revocation.
REVERSED and REMANDED.
MAY, J., and CHAVIES, MICHAEL B., Associate Judge, concur.