939 So.2d 242 (2006)
KANECIA CAMPBELL, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D06-0171.
District Court of Appeal of Florida, First District.
Opinion filed October 16, 2006.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Diego Puig, Assistant Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Kanecia Campbell appeals the revocation of her community control. The revocation was based on her failure to complete the residential substance abuse program she was still in when arrested on account of the affidavit that gave rise to the present proceedings. We reverse because the State did not prove she willfully violated any condition of the order placing her on community control (to have been followed by probation).
In October of 2004, she was given a suspended sentence of twenty-four months conditioned on successful completion of a year of community control and two years of probation that were to have followed community control. The sentencing order contained the following conditions:
13 You will enter and successfully complete the Keeton Inpatient Drug Treatment Program and any recommended aftercare.
14 You will remain incarcerated until bed space is available at Keeton.
A violation of probation report was filed on July 8, 2005, indicating that Ms. Campbell violated condition 13 because she failed to complete the Keeton program. The report stated she had entered the program on January 12, 2005, and had a projected graduation date  neither set nor confirmed by court order  of July 12, 2005. The report indicated disciplinary problems for failing to follow program rules, and that she had tested positive for alcohol on June 8, 2005, in violation of Keeton's policy; for which she was allegedly discharged from Keeton on June 17, 2005, without successfully completing the program. The violation affidavit alleges that the probation officer received a letter from the Keeton program indicating that the appellant had been discharged from the program for consuming alcohol.
But she was arrested for the alleged violation of probation on July 15, 2005, while still attending the Keeton program. She filed a motion to dismiss "the Violation of Probations" on grounds that the lone violation alleged was that she was discharged from the Keeton program, asserting that she was under supervision until September 17, 2007, and still had time to complete the program, and that she desired to complete the program. At the hearing on December 6, 2005, the trial court denied the motion to dismiss and heard evidence on the allegations in the violation affidavit.
Appellant's probation officer was the only witness at the hearing. Appellant's counsel objected to most of the probation officer's testimony as hearsay, but the trial court allowed the testimony over objection. The probation officer testified that she was "discharged" from the program on June 17, 2005, but that she actually remained in the program until she was arrested at Keeton on July 15, 2005 (after her expected graduation date). He also testified that, according to information received from Keeton, the appellant consumed alcohol on June 8, 2005. He testified that she remained at Keeton at the discretion of Keeton's director because "they can extend an individual for up to thirty days and that's the reason why she exceeded that six month period." He testified that, to his knowledge, she had never tested positive for drugs at Keeton and that he was not involved in testing her for alcohol or when she allegedly consumed alcohol.
While a judge has broad discretionary power to revoke probation, see Bernhardt v. State, 288 So. 2d 490, 495 (Fla. 1974), or community control, the sentencing judge must first find a willful and substantial violation of lawfully imposed conditions of probation or community control. See State v. Carter, 835 So. 2d 259, 261 (Fla. 2002). The State has the burden to "prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation." Van Wagner v. State, 677 So. 2d 314, 316 (Fla. 1st DCA 1996). Courts have held that "evidence of the failure to complete a counseling program is insufficient to establish a willful and substantial violation of probation if the condition in question does not specify a time for completion." Quintero v. State, 902 So. 2d 236, 237 (Fla. 2d DCA 2005). See also Yates v. State, 909 So. 2d 974, 975 (Fla. 2d DCA 2005); Wilkerson v. State, 884 So. 2d 153, 153-54 (Fla. 2d DCA 2004); O'Neal v. State, 801 So. 2d 280, 280-81 (Fla. 4th DCA 2001); Jones v. State, 744 So. 2d 537, 538 (Fla. 2d DCA 1999).
In Jones, the appellant was ordered as a condition of probation to "enter and successfully complete residential treatment program (DAY TOP)." Jones, 744 So. 2d at 538. He testified that he needed treatment and wanted to continue treatment at Day Top or another program. The court ruled:
A violation of community control which triggers revocation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Although appellant was discharged from the Day Top drug program, he expressed a willingness to continue in the program or complete some other form of drug treatment. The community control order did not specify the period within which appellant was to complete the program or how many chances he would have to obtain success. Since the order was not specific and appellant has expressed a willingness to complete some form of drug treatment, we conclude that the trial court abused its discretion in revoking appellant's community control.
Id. (citations omitted). See also O'Neal, 801 So. 2d at 280 ("It is an abuse of discretion to find a willful and substantial violation of probation where a defendant has expressed a willingness to complete or continue with a program and where the order of probation did not specify a date certain for compliance.").
In the present case, the condition at issue reads: "You will enter and successfully complete the Keeton Inpatient Drug Treatment Program and any recommended aftercare." The appellant was arrested after failing to graduate on her expected graduation date, although she was still attending the program. Even if the probation officer's testimony had been competent,[*] this testimony could not have proven a violation of probation because the appellant was still attending the substance abuse program, and sufficient time remained for her to complete it.
If, as the probation officer testified, Keeton allowed her to extend the program she was in, she could presumably have completed the program during the extension. She also had sufficient time to attend another, similar treatment program from start to finish. She expressed a willingness to complete the required program in her motion to dismiss and the condition in the order did not have a deadline for fulfilling the condition. When allegedly in violation, she had sufficient time to complete a program. Therefore, as in O'Neal and Jones, the judge abused his discretion by denying the motion to dismiss and revoking the order placing her on community control to be followed by probation based on a putative breach of the condition requiring completion of the program.
Reversed.
KAHN, BENTON, and LEWIS, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.
NOTES
[*] While hearsay evidence may be admitted in a revocation proceeding, see Andrews v. State, 693 So. 2d 1138, 1141 (Fla. 1st DCA 1997), probation may not be revoked solely based on hearsay evidence. See id.; see also Stewart v. State, 926 So. 2d 413, 415 (Fla. 1st DCA 2006); Meade v. State, 799 So. 2d 430, 433 (Fla. 1st DCA 2001). There must be some evidence to support the revocation of probation that would be admissible at a criminal trial. See Gammon v. State, 778 So. 2d 390, 391-92 (Fla. 2d DCA 2001); Thomas v. State, 711 So. 2d 96, 97 (Fla. 4th DCA 1998). The evidence that would be admissible at trial must be evidence relating to the defendant's misconduct leading to the violation of probation. See Combs v. State, 351 So. 2d 1103, 1103 (Fla. 4th DCA 1977) ("The rule requiring more than hearsay to establish a violation of probation requires other evidence of the defendant's misconduct, not just other evidence."); see also Hall v. State, 744 So. 2d 517, 521 (Fla. 3d DCA 1999) (same). We need not reach the issue in this case because the evidence presented, hearsay or not, does not support a willful violation of probation.