963 So.2d 263 (2007)
Antwan JENKINS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D06-2052, 1D06-2054, 1D06-2057, 1D06-2134, 1D06-2135 and 1D06-2199.
District Court of Appeal of Florida, First District.
July 24, 2007.
Rehearing Denied September 4, 2007.
Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the revocation of his probation based on his failure to complete a residential drug treatment program. We reverse.
The only evidence of the conduct that purportedly led to appellant's discharge from Phoenix House was hearsay. Hearsay cannot be the sole basis for finding a violation of probation. See Stewart v. State, 926 So.2d 413, 415 (Fla. 1st DCA 2006) (reversing revocation of probation where the only evidence that conduct which led to discharge from drug treatment amounted to a "willful" or "substantial" violation of condition of community control was hearsay testimony); Meade v. State, 799 So.2d 430, 433 (Fla. 1st DCA 2001) ("Finally, both the probation officer's testimony and the treatment counselor's report were hearsay and, because the probation officer neither prepared nor was the custodian of the treatment counselor's report, *264 the report was not subject to the business record exception. Because this hearsay evidence was the only evidence Appellant was terminated unsuccessfully from the treatment program for willfully failing to participate, it is insufficient to support a finding of violation of probation.") (citations omitted).
The order placing the appellant on probation did not, moreover, specify the time within which he was to complete the treatment program or limit the chances he had to succeed. As we recently said in Campbell v. State, 939 So.2d 242 (Fla. 1st DCA 2006): "Courts have held that `evidence of the failure to complete a counseling program is insufficient to establish a willful and substantial violation of probation if the condition in question does not specify a time for completion.'" Id. at 244 (quoting Quintero v. State, 902 So.2d 236, 237 (Fla. 2d DCA 2005)). See also Jones v. State, 744 So.2d 537, 538 (Fla. 2d DCA 1999) ("The community control order did not specify the period within which appellant was to complete the program or how many chances he would have to obtain success. Since the order was not specific and appellant has expressed a willingness to complete some form of drug treatment, we conclude that the trial court abused its discretion in revoking appellant's community control.") (citation omitted).
REVERSED.
BENTON and PADOVANO, JJ., concur; THOMAS, J., concurs in result only with opinion.
THOMAS, J., concurring in result only.
Although the facts here are somewhat distinguishable, I recognize we are bound to follow our precedent in Campbell v. State, 939 So.2d 242 (Fla. 1st DCA 2006). Were we presented with this issue for the first time, however, I would follow the Fifth District's decision in Lawson v. State, 941 So.2d 485 (Fla. 5th DCA 2006), review granted, 954 So.2d 27 (2007).
In Lawson, the Fifth District held that a trial court does not abuse its discretion in finding that a probationer willfully and substantially violates his probation when discharged from a court-ordered drug treatment program, even though neither the time period to complete the program nor the number of chances the probationer had to complete the program were specified. Id. at 487. The Fifth District rejected the probationer's argument that failure to specifically state the number of attempts permitted or to specify a completion date meant he had the entire probationary term to complete the court-ordered drug treatment program, explaining
If we reduce Lawson's argument to its essence, Lawson is actually telling us that he will be the one to decide when he submits to drug treatment and that he will be the one to decide how many chances he will have to complete it. We simply cannot accept the perverse notion that such decisions should be left to the whim or caprice of any criminal defendant, much less one like Lawson who has twice thumbed his nose at the trial court, his drug counselor, and his probation officer.
Id. at 491 (emphasis supplied).
Appellant presents a similar argument here, stating that the trial court erred in revoking his probation based on his failure to complete drug treatment at Phoenix House. Appellant argues that time remained in his probationary term, and he could complete treatment either through Phoenix House or another similar program, as his original probation order did not specify the number of permitted attempts or the deadline for completion. I agree with the Fifth District that Appellant's argument "defies common sense, defeats *265 the ends of justice, and does little to further the goal of rehabilitating offenders so they can conform to the normative standards of behavior demanded by a society of law-abiding citizens." Id. This is especially true considering the facts here, including the Phoenix House director's testimony that Phoenix House would never permit Appellant to return. Thus, there is no possibility for Appellant to "successfully complete Phoenix House and any aftercare," as specifically ordered by the court, regardless of the amount of time remaining on his probation.
I recognize that a probationer's due process rights are violated when he or she does not receive fair notice of the probation requirements and the actions which will result in a violation. See id. at 489-90. However, Appellant did have adequate notice of his probation requirements. In fact, a reasonable person would understand that he must comply with a treatment center's rules in order to "successfully complete" its program. Even if Appellant was unsure of his probation requirements, he knew he must successfully complete the Phoenix House program based on the court's multiple admonitions to him during sentencing. Further, upon entering Phoenix House, staff members and his probation officer thoroughly explained the rules and regulations. In addition, after violating rules, the director counseled him about the specific violations, warning that further violations would result in discharge.
In the probation order before us, Appellant was not ordered to complete some unspecified drug treatment program, nor was he given the option to complete a similar program should he be unsuccessful at Phoenix House. The trial court's order required that Appellant remain incarcerated until he could be transported to Phoenix House, indicating that he was to immediately begin treatment when space became available. Nevertheless, as this court explained in Campbell, if a specifically ordered treatment program does not permit a probationer to remain in its program, but there is time remaining for the probationer to complete a similar program, the court abuses its discretion when it revokes probation based on the probationer's failure to complete the specifically ordered program. 939 So.2d at 245.
This is illogical, in my view, as it permits Appellant to decide when and where he will complete drug treatment. Further, in order to avoid the result here, trial courts must "specify all performance conditions, such as the number of opportunities and a time period for completion of specific probationary conditions." Davis v. State, 862 So.2d 931, 935 (Fla. 2d DCA 2004) (Casanueva, J., concurring). I believe this specificity requirement will discourage trial courts from utilizing probation as an alternative to prison sentences.
Were we free to follow the Fifth District's decision in Lawson, I would find that Appellant's probation revocation was not based entirely on hearsay and would affirm the revocation. The Phoenix House director testified he personally discharged Appellant from Phoenix House; this testimony was not an out-of-court statement, but simply a recitation of the facts as they occurred for which he had personal knowledge. See § 90.801(1), Fla. Stat. (2005). Appellant's probation was revoked because he failed to "successfully complete" the Phoenix House treatment program. I would find that the director's testimony constitutes competent evidence of a willful and substantial violation of probation. Because we are not free to reject our prior precedent in Campbell, however, I must concur with the majority's decision.