976 So.2d 596 (2007)
Jeffrey Joseph MARZENDORFER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4528.
District Court of Appeal of Florida, First District.
October 24, 2007.
Rehearing Denied November 28, 2007.
*597 Nancy A. Daniels, Public Defender, and Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
This case arose from a series of apparent communication breakdowns between appellant Jeffrey J. Marzendorfer and his probation officer. We conclude the State did not produce competent, substantial evidence in the proceedings below to prove Marzendorfer willfully and substantially violated the terms of his probation. Accordingly, we reverse the order adjudicating appellant in violation of his probation.

BACKGROUND
In December 2005, Marzendorfer pled nolo contendere to aggravated stalking, for which he was sentenced to a suspended term of five years' imprisonment and placed on probation. Among the conditions of probation were the requirements that appellant (1)"make a full and truthful report to the probation officer" each month, (2) "comply with all lawful instructions given to him by the probation officer," and (3) complete "100 hours of Community *598 Service Work at a rate of 5 hours a month." In June 2006, barely six months into the term of probation, the probation officer, by affidavit, alleged Marzendorfer violated the first condition by stating in required monthly reports that he was "president" of "KGM Holdings, Inc.," which he mistakenly believed he had incorporated; he violated the second condition by e-mailing the probation officer after the officer instructed Marzendorfer to call him; and he violated the third condition by failing to perform community service work at the prescribed rate of five hours per month. The trial court found Marzendorfer guilty of violating each of these conditions, and not guilty of a fourth count of failing to make himself available for home inspections, after testimony showed the officer spontaneously presented himself for inspections at appellant's home while appellant was at work. As a result of the violations, the trial court sentenced appellant to five years in prison.

ANALYSIS
Trial judges necessarily exercise discretion when deciding whether a probationer has violated a condition of probation, warranting return to jail or prison. See State v. Carter, 835 So.2d 259, 262 (Fla.2002) ("The trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation. . . ."). This court's analysis on review of a decision to revoke probation considers whether the State both alleged and proved, by competent evidence, that the probationer willfully and substantially violated the terms of probation. See id.; Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996) ("To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation."). The supreme court in Carter rejected a per se rule that a probationer's trivial or de minimis failure to comply with a particular condition can never constitute a violation of probation. 835 So.2d at 261. In compliance with Carter, we must consider each case on an individual basis, measuring the willfulness and substantiality of an alleged violation of probation with regard to "whether the defendant has made reasonable efforts to comply with the terms and conditions of . . . probation." Id.
The State first alleged that Marzendorfer violated probation by misrepresenting his employment status, stating orally to the officer and on written monthly reports that he was "self-employed" as the "president" of "KGM Holdings, Inc.," which he attempted to form, albeit unsuccessfully, by filing articles of incorporation with the Department of State in March 2006. The State essentially contends that the inclusion of the term "Inc." in appellant's monthly reports renders them untruthful, as the entity had apparently not been incorporated as of the dates on which appellant filed the reports. We do not agree, however, that appellant willfully and substantially violated probation by describing his business as a corporation. The trial court set a legally enforceable standard in the probation order itself, requiring appellant's monthly reports to be "full and truthful," rather than "technically and absolutely accurate." Were the latter the standard commonly applied, our jails could be filled with purported noncompliant probationers who, with no thought of violating a probation order, write "Avenue" instead of "Street" for an address, or delete from their names a middle initial on monthly reports. Without evidence of an intent to mislead or to evade supervision, we cannot conclude that mere administrative, technical errors generally warrant the imprisonment of those probationers who are otherwise performing satisfactorily.
*599 We note that appellant's characterization of his employer as his self-created "KGM Holdings, Inc.," was not technically accurate, but we conclude that appellant's truthful representations that he was "self-employed" as the president of his own business entity at the time were substantially correct and sufficient to inform the probation officer of appellant's employment status and earning ability. We cannot conclude, and the State does not argue, that the probation officer's belief about the legal form of Marzendorfer's business entity affected the officer's management of appellant's case. To be clear, however, we do not hold that a probationer's misstatement of the legal name of his or her employer can never support a conviction for violating probation, but rather that, in this particular case, under the analysis prescribed by Carter, the evidence at trial was insufficient to prove that appellant willfully and substantially violated the condition of probation requiring him to submit "full and truthful" monthly reports. We so conclude in the absence of any direct or circumstantial evidence proving Marzendorfer affirmatively and meaningfully lied about his employment in an effort to evade or frustrate supervision.
The State also alleged Marzendorfer violated probation by failing to comply with the probation officer's instruction in a voice message, in which the officer allegedly sought a return phone call, and in response to which appellant e-mailed the officer. Appellant's testimony at trial, never disputed by the State, established he was working in a remote area of the county with no cellular reception when the probation officer called and left a voice message requesting a return contact. The parties presented conflicting evidence on whether the officer instructed appellant to call or merely to "contact" him. Accepting the State's version, evidenced by the officer's testimony that he told appellant to call, we nevertheless cannot conclude that appellant, working from early the next morning until late the next night in the same remote area, willfully and substantially violated his probation by e-mailing the probation officer with a specific update on his employment status and promising to contact him soon. We note that the State takes no issue with the accuracy of appellant's response, only the medium.
Finally, the State charged appellant with violating probation by failing to perform five hours of community service work per month. The probation order did not specify a deadline for completing the required 100 hours and instead required twenty months of work at five hours per month. At the time of the purported violation, Marzendorfer had slightly less than fifty-five months left to complete the community service. This court and other district courts of appeal have been clear that when a probation order does not specify a beginning or ending date for the completion of a particular condition, the probationer cannot be charged with violating probation until the remaining period of probation is too short to perform the required condition. See Jenkins v. State, 963 So.2d 263 (Fla. 1st DCA 2007) (reversing adjudication of probation violation where probationer had not yet completed drug treatment program, but sufficient time of probation remained in which to complete the program); Campbell v. State, 939 So.2d 242, 244 (Fla. 1st DCA 2006) (same); Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995) (holding probationer did not violate community control order by failing to complete court-ordered anger management course where order did not specify time frame in which probationer was to complete course and community control period had not expired); see also Dean v. State, 948 So.2d 1042 (Fla. 2d DCA 2007) (reversing finding of violation because, in part, probationer had ample time left in probation period to complete *600 community service at prescribed monthly rate); Bowser v. State, 937 So.2d 1270, 1273 (Fla. 2d DCA 2006) (holding the same and suggesting that, in future cases involving monthly hour requirements for community service, "trial judges . . . specify[] a beginning and ending date for completing the hours. Without a beginning and ending date for completion, the State is limited in its ability to prove a willful and substantial violation of probation. . . ."); Shipman v. State, 903 So.2d 386, 387 (Fla. 2d DCA 2005) (holding that "`the omission' from a probation order `of a specified date by which [a probationer] was required to complete [a particular] task' combined with `the fact that [the probationer] was not at the end of his probationary period' results in `the State's inability to prove a willful and substantial violation,'" quoting Oates v. State, 872 So.2d 351, 353 (Fla. 2d DCA 2004)).
When a sentencing judge intends for a probationer to work in community service at a continuous rate each month at the start of probation, the order must so state. See Bowser, 937 So.2d at 1273. On its face, the probation order here does not require Marzendorfer to begin work immediately; he has ample time on probation in which to complete the required 100 hours at the prescribed monthly rate. The State could not, therefore, prove a willful and substantial violation of the community-service condition of probation.
Because none of the violations may be sustained, we REVERSE the trial court's finding that appellant violated probation, and REMAND for restoration of Marzendorfer's probation.
PADOVANO, and HAWKES, JJ., concur.