PARIENTE, J.
We have for review Jenkins v. State, 963 So.2d 263 (Fla. 1st DCA 2007), which is alleged to be in express and direct conflict with the Fifth District Court of Appeal’s decision in Lawson v. State, 941 So.2d 485 (Fla. 5th DCA 2006), approved, 969 So.2d 222 (Fla.2007). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
At the time the First District issued its decision in Jenkins and the petition for review in that case was filed, the Fifth District’s decision in Lawson was pending review in this Court. Subsequently, this Court issued its decision in Lawson v. State, 969 So.2d 222 (Fla.2007), in which we approved the Fifth District’s decision and held that a trial court has discretion to find a defendant in willful and substantial violation of probation for being discharged from a court-ordered drug treatment program for nonattendance, even if the sentencing court fails to specify the number of chances the defendant would have to complete the program or impose a time period for compliance.
In Jenkins, the First District relied on its precedent in Campbell v. State, 939 So.2d 242 (Fla. 1st DCA 2006), and held that “evidence of the failure to complete a counseling program is insufficient to establish a willful and substantial violation of probation if the condition in question does not specify a time for completion.” Jenkins, 963 So.2d at 264 (quoting Campbell, 939 So.2d at 244). Although Jenkins concedes that the First District’s decision is in express and direct conflict with our decision in Lawson, he contends that we should exercise our discretion and not ac *581 cept jurisdiction because there is an independent ground on which to affirm the First District, namely, its conclusion that the finding of a violation of probation was impermissibly based on hearsay. Jenkins further argues that it would now be inequitable to disturb the status quo because his probation has been reinstated.
Although the First District’s decision contains an alternative basis for reversal, we have determined that the better course in this case is for the First District to reconsider its decision in light of Lawson and the arguments now raised by the parties. Accordingly, we grant the petition for review, quash the decision under review to the extent it is inconsistent with Lawson, and disapprove of the First District’s decision in Campbell. This matter is remanded to the First District Court of Appeal for proceedings consistent with this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.