WEBSTER, J.
In this direct criminal appeal, appellant seeks review of a judgment and sentence entered after his probation was revoked. Appellant’s appointed counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon initial review, we issued an order pursuant to State v. Causey, 503 So.2d 321 (Fla.1987), directing the parties to address “whether appellant’s failure to report for a random urinalysis because of transportation problems is sufficient to support the trial court’s determination that appellant had committed a willful and substantial violation of the conditions of his probation,” citing Meade v. State, 799 So.2d 430, 432 (Fla. 1st DCA 2001), where our court stated that “[i]t is well established that failure to keep an appointment due to transportation problems is a valid excuse and is insufficient to demonstrate willful and substantial noncompliance with a condition of probation.” The parties have now briefed this issue. Because we conclude that (1) Meade and the cases on which it relied have been implicitly overruled by a subsequent decision of our su *321 preme court; and (2) the trial court did not abuse its discretion when it determined that appellant had committed a willful and substantial violation of a condition of his probation, we affirm. However, we remand the case to the trial court with directions that it enter a corrected order of revocation of probation specifying the condition of probation violated.
Appellant pleaded guilty to driving under the influence with serious bodily injury. He was sentenced to four years’ probation and two days in jail, with credit for two days served. Two years later, the state filed an affidavit alleging that appellant had violated a condition of his probation by failing to submit to a random urinalysis. At the ensuing evidentia-ry hearing, appellant’s probation officer testified that appellant had been called and told that, within twenty-four hours, he must travel to the probation office and submit to a random urinalysis. According to the probation officer, appellant called the office several times later that day, saying that he was trying, without success, to obtain transportation. The probation officer told appellant to take a bus, but appellant did not appear until five days later. A urine sample he gave at that time tested negative for drugs or alcohol. Appellant testified that he had tried to obtain a ride to the probation office on the specified day, but had been unsuccessful. He claimed he could not take a bus because he did not have money for the fare. At the conclusion of the evidence, the trial court announced that it found appellant’s failure to report for a random urinalysis on the specified day to be willful and substantial, and revoked appellant’s probation, noting the seriousness of the offense of which appellant had been convicted. Appellant was subsequently sentenced to five years in prison, with credit for time already served. This appeal follows.
To justify revocation, a violation of a condition of probation must be both willful and substantial. See Van Wagner v. State, 677 So.2d 314, 817 (Fla. 1st DCA 1996); Burgin v. State, 628 So.2d 575, 576 (Fla. 1st DCA 1993). Because it is in a better position to determine whether a violation is willful and substantial, the trial court’s decision will be reversed on appeal only if it constitutes an abuse of discretion. See Blackshear v. State, 838 So.2d 1228, 1229 (Fla. 1st DCA 2003); Burgin, 623 So.2d at 576.
In Meade v. State, 799 So.2d 430, 432 (Fla. 1st DCA 2001), this court said that “[i]t is well established that failure to keep an appointment due to transportation problems is a valid excuse and is insufficient to demonstrate willful and substantial noncompliance with a condition of probation.” As support for this statement, the court cited Rodriguez v. State, 768 So.2d 1234, 1235 (Fla. 5th DCA 2000); Butler v. State, 775 So.2d 320, 321 (Fla. 2d DCA 2000); Remich v. State, 696 So.2d 1270, 1271 (Fla. 2d DCA 1997); and Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992). However, to the extent that Meade and the cases on which it relied stand for the proposition that a per se rule exists prohibiting revocation of probation for failure, allegedly caused by transportation problems, to keep a single appointment, we believe they have been implicitly overruled by the subsequent decision of our supreme court in State v. Carter, 835 So.2d 259 (Fla.2002).
In Carter, the appellant’s probation had been revoked because he failed to file a single monthly report. Id. at 260. On appeal, this court reversed, applying a per se rule that, as a matter of law, failure to file a single monthly report cannot constitute a substantial violation. Id. at 260-61. Our supreme court quashed the decision of this court, rejecting the concept of a per se *322 rule that some types of violations can never constitute willful and substantial violations of the conditions of one’s probation. Id. at 261. In doing so, the court said that “[tjrial courts must consider each violation on a case-by-case basis for a determination of whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence.” Id. According to the court, because “[tjhe trial court is in a better position to identify the probation violator’s motive, intent, and attitude and assess whether the violation is both willful and substantial,” “it makes sense to allow the trial court the discretion to weigh each situation without the mandates of a bright line rule requiring revocation or preventing it.” Id. at 262.
Applying the holding and rationale in Carter to this case, it is apparent that the trial court was in a far better position than are we to consider appellant’s “motive, intent, and attitude and assess whether the violation [wajs both willful and substantial.” Id. Reviewing the trial court’s holding pursuant to the abuse of discretion standard as we are obliged to do, it is clear to us that the holding is supported by competent substantial evidence, and is not one that no reasonable person could have reached. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (stating that, “[ijf reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion”). Accordingly, we affirm the trial court’s order revoking appellant’s probation.
We must, however, remand the case to the trial court because the order revoking appellant’s probation does not specify the condition of probation violated. On remand, the trial court is directed to enter a corrected order specifying the condition of probation violated. See Leggs v. State, 27 So.3d 155 (Fla. 1st DCA 2010) (affirming, in an Anders appeal, the appellant’s judgment and sentence, but remanding with directions that the trial court enter an order specifying the conditions of probation violated).
AFFIRMED and REMANDED, with directions.
WOLF, and ROBERTS, JJ., concur.