737 So.2d 1156 (1999)
Donald E. FIELDS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-05298.
District Court of Appeal of Florida, Second District.
June 30, 1999.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Donald E. Fields appeals the trial court's final order revoking his probation. The probation resulted from a 1997 no contest plea to leaving the scene of an accident involving injury, a third-degree *1157 felony. We affirm the revocation of Fields' probation, but reverse because the trial court imposed an illegal sentence.
Fields argues that his violation of probation was not willful or substantial; however, we disagree. In order to support revocation of probation based on a violation of a condition of probation, the State must prove that the violation was substantial and willful. See McCumber v. State, 682 So.2d 1214, 1216 (Fla. 2d DCA 1996). Furthermore, when the trial court revokes probation based on the defendant's failure to complete a program, this court has required that the State prove that the defendant's failure to complete the program was the defendant's fault. See Molina v. State, 520 So.2d 320, 321 (Fla. 2d DCA 1988). The record in this case supports that Fields failed to complete the ACTS Residential Treatment Program because he failed to follow the rules of the program which caused his discharge from the program. Accordingly, his failure to complete the residential program justifies the revocation of probation.
Fields correctly argues that the trial court erred by failing to credit him with eight months and sixteen days that he served on probation before the trial court revoked his probation. See Francois v. State, 695 So.2d 695, 697 (Fla.1997) (credit must be given for any time previously served on probation if the new period of probation and other sanctions plus the time previously served on probation exceeds the statutory maximum for the underlying offense). Upon revocation, the trial court imposed a new sentence of 3.2 years plus 1.6 years of probation, for a total sentence of 4.8 years. When the credit for time served on probation is added to this sentence, the total is 66 months and 16 days. The maximum sentence under the sentencing guidelines which the trial court could impose was 64.5 months.[1] Therefore, the trial court exceeded the guidelines and imposed an illegal sentence. Accordingly, we remand to the trial court for resentencing within the guidelines.
Finally, Fields argues, and the State concedes, that the trial court erred by failing to render an order setting forth the specific conditions of probation that Fields violated. See Remich v. State, 696 So.2d 1270, 1271 (Fla. 2d DCA 1997). Accordingly, upon remand, we direct the trial court to enter a proper order setting forth the specific conditions that Fields violated.
Affirmed in part; reversed and remanded for resentencing.
THREADGILL and STRINGER, JJ., Concur.
NOTES
[1] Fields' argument that the trial court could not use the 25% discretionary range in determining his sentence is without merit. See Mays v. State, 717 So.2d 515 (Fla.1998).