793 So.2d 30 (2001)
Jeffrey PADELT, a/k/a Kennedy Breish, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D99-3706, 2D00-1132.
District Court of Appeal of Florida, Second District.
April 6, 2001.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The circuit court revoked Jeffrey Padelt's community control for leaving his approved residence without permission and failing to successfully complete the Avon Park drug treatment program. He challenges the revocation because the evidence reflected a misunderstanding rather than a willful or substantial violation of community control. We agree and reverse.
Padelt's counselor at Avon Park told the program director that she had received a telephone call from Padelt's father, who told her that Padelt was falsely using that name; his real name was Kennedy Breish. When confronted, Padelt at first lied about his identity, but then admitted that he had lied and said he needed to be honest about his treatment. The director and counselor discussed the issue with him, but could not recall telling Padelt *31 that he would be discharged from the program.
Padelt, however, left the meeting thinking that he was being discharged and that his arrest was imminent. He had completed most of the program and had made a great deal of progress. Feeling ashamed about his impending failure, he walked down the road so that his arrest would not be observed by everyone at the facility. The director and counselor reported Padelt's absence to the sheriffs department, then went looking for him. They found him several blocks away, where he said he was waiting to be arrested, and they urged him to return. Moments later, sheriffs deputies arrived and took Padelt into custody. Padelt's probation officer filed an affidavit of violation, and a revocation hearing ensued. The circuit court revoked his community control and sentenced him to 40.5 months in prison.
Probation may be revoked only if the probationer has willfully and substantially violated a specific condition of his probation. Fields v. State, 737 So.2d 1156 (Fla. 2d DCA 1999). Violations of probation conditions must be proved by the greater weight of the evidence. Wagland v. State, 705 So.2d 1016 (Fla. 2d DCA 1998). When the trial court revokes probation based on the defendant's failure to complete a program, the State must prove the failure to complete the program was the defendant's fault. Fields v. State, 737 So.2d 1156, 1157 (Fla. 2d DCA 1999).
The circumstances here fell short of a substantial and willful violation. Padelt's brief departure from the facility was not for the purpose of absconding or leaving the treatment program, or otherwise violating the conditions of his community control. Rather, it was based on a misunderstanding, and Padelt's sole intent was to remove himself from view to avoid the embarrassment of an arrest in the presence of the other program participants. The evidence was insufficient to support a revocation of community control.
Reversed.
PARKER, A.C.J., and CASANUEVA, J., Concur.