801 So.2d 160 (2001)
Sonja KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2360.
District Court of Appeal of Florida, Second District.
November 28, 2001.
James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
*161 Robert A. Butterworth, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Sonja Knight appeals from a probation revocation order and resulting prison sentence. Because we conclude that the State of Florida failed to prove that Knight violated her conditions of probation, we reverse.
Initially, we note that the State has the burden to prove by the greater weight of evidence that the probationer has willfully and substantially violated a probation condition. Hines v. State, 789 So.2d 1085 (Fla. 2d DCA 2001). Although hearsay is admissible in a probation revocation proceeding, hearsay cannot be the sole basis to establish a probation violation. Id. At Knight's probation revocation hearing, she did object to the finding of a violation of condition 16 based solely on hearsay.
The trial court found that Knight violated probation conditions 10 and 16. Condition 10 of Knight's probation required that she "pay all court ordered monetary obligations." The affidavit of violation alleged that Knight was $120 in arrears in paying her court costs and owed a total of $245.76. To prove a violation of probation based on a failure to pay courtordered costs, the State must prove that the probationer had the ability to pay in order to show a willful violation. Robinson v. State, 773 So.2d 566 (Fla. 2d DCA 2000).
The probation officer testified that she had "no idea" of Knight's financial situation. Knight testified that she did not have the money to pay for her court costs. At the end of the hearing, the State argued that Knight violated condition 16, but stated that "[s]he may have an excuse for condition 10 about the money, and we would admit that we may not have met the burden as to that." We conclude that the State failed to prove Knight's ability to pay, and it admitted as much during the hearing.
Condition 16 of Knight's probation stated, "You will be evaluated by court counselor and follow recommendations regarding Sexual Abuse." Knight's probation officer testified that Knight violated this provision because she failed to follow through on the recommendations of a psychological evaluation and because Dr. Cushman terminated her from the Phoenix Psychological Program. The probation officer testified that "the psychologist told me" that Knight needed to be on medication and have psychiatric treatment. In addition, the probation officer explained, "The documents that I finally was able to obtain showed that she nevershe went for the psychiatric evaluation and never went for anymore." When asked about the Phoenix program's requirements, the probation officer stated that she had "no idea" and that she did not work for Phoenix.
The only other witness to testify at the revocation hearing was Knight. She testified, "I followed all of my recommendations" and "there was nothing I didn't do." Knight stated that she completed individual counseling and anger management, but did not know anything about women's group therapy, which Knight referred to as the program from which Dr. Cushman allegedly terminated her.
Dr. Cushman did not testify at the revocation hearing, and the record does not contain his evaluation or the evaluation of any other doctor. In addition, the record does not contain, other than the affidavit of violation of probation, any document reflecting that Knight was terminated from *162 the Phoenix program, or any document reflecting that she did not follow through with recommendations of a psychiatric evaluation.
Based on this record, we conclude that the State presented only hearsay evidence of a violation of condition 16 and that the State failed to meet its burden to prove by the greater weight of the evidence that Knight willfully and substantially violated condition 16 of her probation. We also note that nothing in the record reflects that the alleged violations of condition 16 related to sexual abuse.
We reverse the probation revocation order and resulting sentence and remand this case to the trial court. On remand, we direct the trial court to order Knight's release from prison and to reinstate the remaining portion of Knight's five-year probationary term.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.