831 So.2d 1281 (2002)
Leonard BERTOLOTI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4431.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
Carey Haughwout, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was found guilty of violating probation on two grounds. The state properly acknowledges that as to one, changing his residence without approval, the evidence, based solely on hearsay, was insufficient.
As to the other charge, failing to successfully complete a drug program, we also reverse. The court's basis for finding a willful violation in Appellant's discharge *1282 from the program was the testimony of the drug treatment program's records custodian that Appellant's chart showed he tested positive for alcohol. The record, upon which the custodian relied, were never introduced into evidence. It is well-settled that, although hearsay is admissible in revocation proceedings, probation may not be revoked solely on the basis of hearsay evidence. Adams v. State, 521 So.2d 337, 337-38 (Fla. 4th DCA 1988)(reversing where defendant's probation was revoked based solely on testimony of intake officer who relied on probation department's records which were never admitted into evidence).
Although, here, a proper foundation was laid for introduction of the documents, the state did not move them into evidence. Without these documents, we are unable to determine whether they would have fallen within the business records exception to the hearsay rule as the state suggests. See id. at 338. As it stands, Appellant's probation was revoked solely on the basis of hearsay.
Accordingly, the order revoking Appellant's probation is reversed.
STONE, WARNER, and MAY, JJ., concur.