MAY, J.
The defendant appeals his adjudication of delinquency and commitment to a moderate risk residential program as a result of a violation of probation. He argues that the trial court erred in revoking his probation because the evidence consisted solely of inadmissable hearsay. We agree and reverse.
While hearsay is admissible in a violation of probation hearing, the revocation must be supported by evidence “which would be admissible at a criminal trial” and is actually admitted into evidence. Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998). The orders and record in this case are insufficient to support the trial court’s adjudication and commitment for several reasons.
First, the trial court neither orally pronounced nor made written findings as to which violation the child was found guilty. Aidone v. State, 763 So.2d 1127 (Fla. 4th DCA 1999). Second, the evidence consisted only of inadmissible hearsay. Sagner v. State, 776 So.2d 1088 (Fla. 4th DCA 2001) (revocation of probation cannot stand on hearsay evidence alone). Third, no foundation was laid for an exception to the hearsay rule. Cf. Russell v. State, 801 So.2d 999 (Fla. 4th DCA 2001) (affirming the revocation of probation based on hearsay evidence that was established as a business record exception). And fourth, the state never introduced the purported business records to substantiate any of the violations alleged. Bertoloti v. State, 831 So.2d 1281, 1282 (Fla. 4th DCA 2002) (reversing the revocation of probation where the state failed to actually move the records into evidence through the hearsay exception). Because of the deficiencies in this case, the adjudication of delinquency and the order of commitment are reversed.
STEVENSON and GROSS, JJ., concur.