890 So.2d 382 (2004)
Benjamin THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-33.
District Court of Appeal of Florida, Second District.
December 22, 2004.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
*383 Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A circuit court may not revoke probation or community control when the State presents only hearsay evidence to prove that the defendant violated the terms of supervision. For this reason, we reverse the order revoking Benjamin Thompson's community control for violating the condition that he successfully complete a drug treatment program.
The State bears the burden of proving a willful and substantial violation of supervision. Although hearsay evidence is admissible at the revocation hearing, the defendant's probation or community control cannot be revoked solely on the basis of hearsay. Knight v. State, 801 So.2d 160 (Fla. 2d DCA 2001)." `Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2002).
In this case, the State called Thompson's supervising officer as its only witness. The officer testified that he was informed that Thompson was being discharged from the treatment program; the officer also testified that he had "contacted the center on several times, spoken with different people and the statements [were] all the same that the defendant did not comply with the rules and regulations and, therefore, [was] administratively discharged." This testimony was hearsay. See Grimsley v. State, 830 So.2d 118 (Fla. 2d DCA 2002); see also Clemons v. State, 388 So.2d 639, 640 (Fla. 2d DCA 1980) (reversing when "[t]he only evidence introduced concerning appellant's alleged violation of condition 3 ... was the hearsay testimony of the probation supervisor about what appellant's employer had said in a telephone conversation"). Therefore, we reverse.
Reversed and remanded.
KELLY and WALLACE, JJ., Concur.