926 So.2d 413 (2006)
Roy STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1824.
District Court of Appeal of Florida, First District.
March 14, 2006.
Rehearing Denied April 20, 2006.
*414 Nancy A. Daniels, Public Defender; Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Roy Stewart appeals the revocation of his community control status on account of his termination from a drug treatment program. He contends the trial judge necessarily relied on hearsay in finding that he had willfully violated a condition of community control. We reverse the revocation order and ensuing prison sentence, and remand for further proceedings.
The condition at issue was imposed by checking a box on a form next to the phrase "Inpatient drug treatment." At the revocation hearing, the director of the drug treatment program testified that Mr. Stewart participated in inpatient drug treatment for a little over a month, before he was discharged after refusing to leave a building during a fire drill, saying he was cold and did not have anything warm to put on. Prior to this incident, moreover, the director testified, Mr. Stewart had been involved in "verbal altercations" with other residents and had demonstrated a "lack of tolerance of others." But the director testified that she did not personally observe any of the behavior that she identified as the basis for his exclusion from the program.
Trial courts are not without discretion in revoking probation, see Bernhardt v. State, 288 So.2d 490, 495 (Fla. 1974); Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996), and presumably in revoking community control, as well. But the rule is:
The trial court may revoke probation or community control only if the State proves by the greater weight of the evidence that the defendant willfully and substantially violated a specific condition of the probation or community control. Padelt v. State, 793 So.2d 30, 31 (Fla. 2d DCA 2001).
Yates v. State, 909 So.2d 974, 974-75 (Fla. 2d DCA 2005). Whether a violation is willful and substantial must be decided case by case. See State v. Carter, 835 So.2d 259, 261 (Fla.2002). This determination is necessary because to revoke probation or community control, a violation must always be determined to have been willful and substantial. See generally Thomas v. State, 760 So.2d 1138 (Fla. 5th DCA 2000); McCray v. State, 754 So.2d 776 (Fla. 3d DCA 2000); Inman v. State, 684 So.2d 899 (Fla. 2d DCA 1996); Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993).
State v. Meeks, 789 So.2d 982, 987 (Fla. 2001). "The State bears the burden of proving a willful and substantial violation of supervision" by competent evidence. Thompson v. State, 890 So.2d 382, 383 (Fla. 2d DCA 2004) ("Although hearsay evidence is admissible at the revocation hearing, the defendant's probation or community control cannot be revoked solely on the basis of hearsay. Knight v. State, 801 So.2d 160 (Fla. 2d DCA 2001).").
At the hearing, the learned trial judge acknowledged that findings essential *415 to revocation could not be based solely on hearsay (not falling within some exception to the rule excluding hearsay), but that admissible evidence was required. The trial court ruled:
Well, you can't find someone in violation on hearsay. However, we have some direct testimony from Mr. Stewart himself, where he admits that he did not successfully complete the program.
I find he willfully violated Condition 32 ["Inpatient drug treatment"].
Competent evidence unquestionably established that Mr. Stewart was expelled from the drug treatment program before the program ended. But the only evidence that the conduct that led to the discharge amounted to a "willful" or "substantial" violation of the conditions of community control was the director's hearsay testimony.
The trial court impermissibly relied on this hearsay evidence. See Thompson, 890 So.2d at 383. See also Dawson v. State, 921 So.2d 763 (Fla. 1st DCA 2006); Meade v. State, 799 So.2d 430, 433 (Fla. 1st DCA 2001); Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001); Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998); Andrews v. State, 693 So.2d 1138, 1141 (Fla. 1st DCA 1997). As we said in Meade (in regard to revocation of probation), "[b]ecause this hearsay evidence was the only evidence Appellant was terminated. . . from the treatment program for willingly failing to participate, it is insufficient to support a finding of violation of probation." Meade, 799 So.2d at 433.
Reversed and remanded.
ALLEN and VAN NORTWICK, JJ., concur.