949 So.2d 326 (2007)
David Allen GAUTHIER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4443.
District Court of Appeal of Florida, Fifth District.
February 23, 2007.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
David Allen Gauthier appeals from an order revoking his probation. Mr. Gauthier contends that the trial court erred by concluding that he violated the terms of his probation by changing his residence without his probation officer's knowledge and approval. We agree and reverse.
Our standard of review for a violation of probation determination is abuse of discretion. See Bernhardt v. State, 288 So.2d 490, 501 (Fla.1974); Stanley v. State, 922 So.2d 411 (Fla. 5th DCA 2006). A violation of probation must be both willful and substantial before a defendant's probation may be revoked. See State v. Carter, 835 So.2d 259 (Fla.2002); Robinson v. State, 907 So.2d 1284, 1286 (Fla. 2d DCA 2005); King v. State, 817 So.2d 935, 937 (Fla. 5th DCA 2002). The State bears the burden of proving a willful and substantial violation by competent evidence. See Stewart v. State, 926 So.2d 413, 414 (Fla. 1st DCA 2006); Robinson, 907 So.2d at 1286.
In this case, there was no competent, substantial evidence that Mr. Gauthier *327 changed his residence. At best, hearsay testimony from the probation officer showed that Mr. Gauthier spent thirteen nights at his girlfriend's home. However, that evidence was contradicted by direct testimony from Mr. Gauthier's landlady who testified that Mr. Gauthier rented a room from her, kept his possessions there, spent most nights there, paid rent and came by almost every day, even when he did not sleep there. Because Mr. Gauthier did not have a curfew, the hearsay testimony from the probation officer alone was insufficient to support a finding that he had changed his approved residence without permission. See Thompson v. State, 890 So.2d 382, 383 (Fla. 2d DCA 2004) (explaining that although hearsay evidence is admissible at revocation hearing, defendant's probation or community control cannot be revoked solely on basis of hearsay).
Accordingly, we reverse the order revoking Mr. Gauthier's probation and remand this matter for further proceedings consistent herewith.
REVERSED AND REMANDED.
GRIFFIN, THOMPSON and ORFINGER, JJ., concur.