974 So.2d 1205 (2008)
Stephen BOWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4221.
District Court of Appeal of Florida, First District.
February 25, 2008.
*1206 Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
We entered an order on January 30, 2008, reversing Stephen Bowman's forty-month prison sentence along with the predicate for the sentence, an order revoking his probation. Our order also reinstated him to probation. We write to explain the basis for our decision.
In accordance with the parties' plea agreement, the original trial judge had placed Mr. Bowman on "administrative probation," specifying as a condition of probation a jail term subject, however, as "a matter of grace" to the possible substitution of time at a sheriff's work camp. Addressing appellant, she explained:
. . . On the Sheriff's work camp, if you don't sign up or don't qualify for any reason, even though it's no fault of your own, the punishment [i.e., condition of probation] for this is 30 days jail. It's a matter of grace that you're allowed to do the work camp instead of the jail and participate in that program.
But do you understand if, for any reason, you're unable to do the Sheriff's work camp that the intention is that you do the 30 days jail, or whatever is left of the Sheriff's work camp days?
The original trial judge thus indicated that the condition of probation could be fulfilled by jail time, work camp days, or a combination of the two. She also gave Mr. Bowman credit for two days he had already served in jail, in this way requiring him to serve twenty-eight more days, whether in jail or at the work camp.
Mr. Bowman had completed sixteen work camp days before he was dismissed from the work camp program. (The work camp program accepted medical excuses for five absences but dismissed him, apparently on account of the sheer number of absences, when he missed a sixth scheduled day.) Instead of sending him to jail to serve the twelve days that remained as a condition of his probation, an affidavit was filed alleging that he had violated a condition of his probation. A violation of probation hearing was convened before a different judge, who revoked his probation at the conclusion of the hearing, even though there was no showing that Mr. Bowman's absences violated work camp rules, much less any condition of probation.
To establish a violation of probation, the State bears the burden of proving "by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation." Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). In proving dismissal from the work *1207 camp program, the State proved no violation of any condition of probation at all. Although probation officers (relying on erroneous "paper work") had informed Mr. Bowman that he did not have the option of fulfilling the probationary condition in jail, the assistant state attorney at the revocation hearing, who had not been present at the original sentencing hearing, stated he "would feel somewhat bound to honor" any option the original judge had given when setting the conditions of appellant's probation.
The dismissal from work camp did no more than trigger the requirement that Mr. Bowman complete his condition of probation by finishing the remaining twelve days in jail. Because he had already served the twelve days necessary to complete the condition of his probation many times over, we ordered his reinstatement to probation. Until we ordered probation reinstated, Mr. Bowman had been incarcerated ever since he was arrested as a result of the probation violation affidavit filed before his probation was revoked on July 21, 2006.
Although the State does not dispute appellant's contention that scoresheet errors occurred at the original sentencing, we do not reach any question concerning the errors. See Fitzhugh v. State, 698 So.2d 571, 573 (Fla. 1st DCA 1997). But see Stubbs v. State, 951 So.2d 910, 911 (Fla. 2d DCA 2007) ("[A] defendant may challenge the inclusion of [sentencing] points at a revocation proceeding even when those points were not challenged at the original sentencing or on direct appeal." (quoting Matton v. State, 872 So.2d 308, 312 (Fla. 2d DCA 2004))).
WOLF and PADOVANO, JJ., concur.