985 So.2d 693 (2008)
Christopher Maurice JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2796.
District Court of Appeal of Florida, Fifth District.
July 3, 2008.
*694 Robert L. Sirianni, Jr. and Margaret E. Kozan, of Brownstone, P.A., Winter Park, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Christopher Maurice Jones appeals the judgment and sentence imposed after the trial court found him guilty of violating condition nine of his probation, which prohibited Jones from possessing drug paraphernalia. Jones was initially placed on probation after he entered a guilty plea to burglary of a dwelling. Adjudication of guilt was withheld, and he was placed on five years' probation. The record reveals that Jones was a model probationer: he completed all conditions of his probation, including community service, payment of costs, negative drug screens, and holding a job. After the trial court found Jones violated his probation by possessing a pipe allegedly used for smoking cannabis, Jones was adjudicated guilty of the burglary offense, sentenced to time served, and his probation was reinstated.
After thoroughly reviewing the entire record, we conclude there is no competent, substantial evidence that Jones possessed drug paraphernalia. Gauthier v. State, 949 So.2d 326, 326 (Fla. 5th DCA 2007) ("The State bears the burden of proving a willful and substantial violation by competent evidence." (citing Stewart v. State, 926 So.2d 413, 414 (Fla. 1st DCA 2006); Robinson v. State, 907 So.2d 1284, 1286 (Fla. 2d DCA 2005))). As an example of how deficient the evidence is in this case, not only did the State fail to produce the pipe at trial, but also the State failed to prove the specific allegation contained in the Affidavit of Violation of Probation that testing showed cannabis residue on the pipe. The latter failure was due to the fact that no testing of any kind was ever conducted by the State. In fact, there was no evidence or testimony presented that there was any cannabis residue on the pipe. At best, the evidence established that Jones possessed a pipe, which is neither a crime nor a violation of his probation.
Accordingly, we reverse the order finding that Jones violated his probation and the order adjudicating him guilty of the burglary offense.
REVERSED.
PALMER, C.J. and COHEN, J., concur.