FARMER, J.
 

 Defendant argues that the finding of violation of probation (VOP) is entirely based on hearsay evidence. We agree.
 

 His VOP charge concerned alleged infractions of the rules in a residential treatment program (Program). The Program director testified for the State. He did not have defendant’s files as he testified. Instead, he testified that he spoke with defendant’s supervisor before appearing in court. The supervisor went through the chart with the director. Critical to the testimony was a behavior contract the Program had insisted defendant sign and perform in order to continue in the program after some previous rule infractions. Again, this contract was not presented in court. The director did not himself supervise defendant’s participation in the Program or make the entries in defendant’s Program chart and thus did not testify from personal knowledge.
 

 It is well settled that in order to revoke probation the State must prove by a greater weight of the evidence, under the totality of the circumstances, that the probationer deliberately, willfully, and substantially violated one or more conditions of probation.
 
 Steiner v. State,
 
 604 So.2d 1265 (Fla. 4th DCA 1992);
 
 Blackshear v. State,
 
 771 So.2d 1199 (Fla. 4th DCA 2000). While hearsay ordinarily inadmissible in a criminal trial may be admitted in VOP proceedings, it may not constitute the sole basis for finding a violation of probation.
 
 Thomas v. State,
 
 711 So.2d 96, 97 (Fla. 4th DCA 1998). Such hearsay evidence may be used only to combine with admissible evidence establishing the violation.
 
 Thomas,
 
 711 So.2d at 97.
 

 Defendant argues that in order to prove a willful, substantial VOP in this setting, the State was required to adduce his actual Program chart into evidence through the business record exception or offer testimony directly from someone who actually witnessed the alleged Program infractions. This argument has been accepted in our own decision in
 
 Bertoloti v. State,
 
 831 So.2d 1281 (Fla. 4th DCA 2002), and by the First District in
 
 Stewart v. State,
 
 926 So.2d 413 (Fla. 1st DCA 2006).
 

 In
 
 Bertoloti,
 
 The trial court had revoked defendant’s probation because of failure to complete a drug treatment program. The only evidence of a willful violation was the
 
 *329
 
 testimony of the drug treatment program’s records custodian, in which he stated that the chart showed that defendant tested positive for alcohol. We found the testimony of the records custodian insufficient to prove a VOP under nearly identical circumstances. We reversed the VOP because the defendant’s chart was not introduced into evidence.
 

 Similarly in
 
 Stewart,
 
 defendant argued the court improperly relied exclusively on inadmissible hearsay in finding that he willfully violated community control. At the revocation hearing, the director of the program testified that the defendant was discharged from the program for refusing to leave the building during a fire drill and being involved in verbal altercations with other residents. The court reversed the VOP because, although there was competent evidence that the defendant was expelled from the program, the only evidence that his conduct was willful and substantial came from the director’s hearsay testimony.
 

 In this case, all of the conduct described by the Program director as infractions of Program rules came from entries in defendant’s chart by someone else. The director did not have personal knowledge of any of the incidents.
 

 Because Florida law requires admissible evidence to support a finding of a willful VOP, the State was required to produce defendant’s chart at the hearing and seek its admission into evidence. Otherwise, it needed a witness having personal knowledge of the pm-ported infractions. It follows that the finding of VOP is not supported by the evidence.
 

 Reversed.
 

 GROSS, C.J., and POLEN, J., concur.