PER CURIAM.
Richard McPeek appeals an order revoking his probation, asking us to reverse the order because the State did not prove that he willfully violated the condition of probation that he not change his residence without first procuring the consent of his probation officer. We agree that the state’s evidence was insufficient to prove a willful violation of this condition. Accordingly, we reverse the revocation order and remand for further proceedings.
We review a revocation of probation for abuse of discretion. See Russell v. State, 982 So.2d 642, 646 (Fla.2008). “To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.” Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996) (citing Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995)).
The state did not, in short, prove that Mr. McPeek violated probation by changing his residence without first procuring the consent of the probation officer. See, e.g., Thompson v. State, 974 So.2d 594, 599 (Fla. 2d DCA 2008); Gauthier v. State, 949 So.2d 326, 327 (Fla. 5th DCA 2007). The lower court therefore abused its discretion in finding he violated this condition.
Because the record does not clearly reveal whether the trial court would have revoked probation based on the remaining violation, we reverse the order revoking Mr. McPeek’s probation and remand for consideration of this issue in the trial court. See Faircloth v. State, 50 So.3d 788, 790 (Fla. 1st DCA 2010).
Reversed and remanded.
BENTON, C.J., WEBSTER, and LEWIS, JJ., concur.