PER CURIAM.
Phillip B. David appeals the revocation of his probation. David was placed on sex offender probation after he pled guilty to lewd and lascivious exhibition. Following a hearing, the trial court revoked that probation finding that David violated two conditions of sex offender probation. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
Condition 8 of the terms of probation contained in David’s negotiated plea agreement (which was renumbered as condition 20 on his sex offender probation agreement) prohibited David from viewing, owning or possessing any obscene, pornographic or sexually stimulating material. Condition 18 of the terms of probation in the negotiated plea agreement (which was renumbered as condition 29 on his sex offender probation agreement) precluded access of the internet or “other computer services” until a risk assessment had been performed and a sex offender treatment program had been implemented.
David was alleged to have violated these conditions after he was found in a public library using a computer. He admitted at the subsequent hearing that he played computer games on the computer while at the library. He denied viewing pornography. The officers who located David in front of a computer testified that while they did not see pornography or other sexually explicit images on the monitor when they approached, they did see a box on the computer’s toolbar which read “porn” or “trannyporn.” The officers were not able to open any windows as the computer was shutting down as they approached. A subsequent forensic analysis of the computer failed to disclose past user history. At the time of his arrest at the library, appellant was found to have in his possession the addresses of several websites with sexually explicit names.
Probation is a matter of grace, and not right, and a trial court has broad discretion over probation. Adams v. State, 979 So.2d 921 (Fla.2008). Nevertheless, a substantial and willful violation must be established by at least a preponderance of evidence. See Bowman v. State, 974 So.2d 1205, 1206 (Fla. 1st DCA 2008). We agree that the State established by a preponderance of evidence that David violated condition 18 which precluded access to a computer. However, the *388 State did not establish, by a preponderance of evidence, that David violated condition 8. The circumstantial evidence adduced by the State certainly suggested an intent on David’s part to view sexually stimulating material, but the evidence of record does not established that he had accomplished that intent. Accordingly, we reverse that part of the order of revocation of probation which finds a violation as to condition 8. Although a violation of condition 18 could alone support revocation, because the record does not establish that the trial court would have revoked probation and imposed a 15-year sentence on a violation of condition 18 alone, this court is required to remand for the trial court to reconsider its decision to revoke probation and to impose the same sentence. See Smith v. State, 965 So.2d 1252 (Fla. 1st DCA 2007).
AFFIRMED in part, REVERSED in part, and REMANDED.
BENTON, C.J., VAN NORTWICK and SWANSON, JJ, concur.