VAN NORTWICK, J.
Scott Hostetter appeals the revocation of his probation arguing that the trial court erred in revoking his probation on grounds not contained in the probation order and that the evidence presented was insufficient to prove each alleged violation. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
At the time of the alleged violations, appellant was serving seven years’ sex-offender probation, the relevant conditions of which include the following:
(9) You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow the officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.
(10a) Abide by curfew by remaining confined to residence between the hours of 10:00 p.m. and 6:00 a.m.
⅜ * *
If the victim(s) was/were under the age of 18, you are to have no unsupervised contact with any children under the age of 18 until successful completion of sex offender treatment program and only then if authorized by the sentencing court. Said contact, if authorized, shall require the presence of another adult who is responsible for the child’s welfare, who has been advised of the crime and who has been approved by the sentencing court.
* * ⅜
Unless otherwise indicated in the treatment program, you shall not view, own, or possess any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to your deviant behavior pattern.
Appellant’s probation officer filed an affidavit charging appellant with violating Condition 9 by failing to comply with his probation officer’s instructions, Condition *1219 18 by having unsupervised contact with a child, and Condition 20 by possessing pornographic material. An evidentiary hearing was held on May 19, 2011, and the trial court found that appellant had violated probation as alleged. Probation was revoked, and appellant was re-sentenced to 24 months’ sex-offender community control.
This court reviews the trial court’s decision to revoke probation for an abuse of discretion. See Blackshear v. State, 838 So.2d 1228 (Fla. 1st DCA 2003). Appellant argues that the court erred in revoking probation based on Condition (9) because the probation officer himself fashioned the condition prohibiting contact with his girlfriend’s child during curfew. “Violation of a condition which is imposed by a probation officer, rather than an express condition of the trial court, cannot serve as a basis for revocation of probation.” Kiess v. State, 642 So.2d 1141, 1142 (Fla. 4th DCA 1994).
We are not persuaded by appellant’s argument and find that the evidence supports the trial court’s determination that appellant violated Condition (9). In forbidding contact with the child during the curfew hours of 10:00 p.m. through 6:00 a.m., appellant’s probation officer simply reiterated what the trial court had already stated in the probation order that pursuant to Condition 18, appellant was not to have unsupervised contact with minors. Appellant clearly violated Condition 9 of his probation by failing to obey his probation officer’s instructions not to have the child at his residence during curfew hours.
Likewise, we find the evidence sufficient to support a violation of Condition 18. Appellant argues that because the child’s mother was present, he did not violate Condition 18, which prohibits unsupervised contact with minors. However, under Condition 18 “supervised contact” requires the presence of an adult “who has been approved by the sentencing court.” Because the child’s mother was never approved by the trial court, the contact was not authorized and is thus the kind of unsupervised contact expressly prohibited by Condition 18. Thus, we affirm the trial court’s determinations as to the violations of Conditions 9 and 18.
Condition 20 prohibited appellant from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material relevant to deviant behavior patterns. Appellant’s probation officer testified to receiving naked pictures of appellant that appellant had, apparently unintentionally, sent to his ex-wife. Appellant argues that, pursuant to Kasischke v. State, 991 So.2d 803, 815 (Fla.2008), to permit revocation the pornographic material in question must be relevant to the deviant behavior at issue in the underlying offense. Appellant further argues that the trial court erred in determining that appellant violated Condition 20, because, appellant asserts, there was “no evidence from which an association could be made between the underlying offenses ... and the sexually explicit materials in question.” Id.
In Kasisehke, the Florida Supreme Court interpreted what is now section 948.30(1) (g), Florida Statutes (2011),[1] *1220 which prohibits sexual offenders serving probation or community control from possessing pornographic material, as applying only to such material that is relevant to the offender’s deviant behavior. Id. As here, in Kasischke, the conditions of probation included a provision pursuant to this statute. Concluding that the statute was ambiguous, the court applied the rule of lenity. Id. at 814-15. The Supreme Court has explained that the rule of lenity requires that “[a]ny ambiguity or situations in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense.” State v. Byars, 823 So.2d 740, 742 (Fla.2002); see also § 775.021(1), Fla. Stat. (2007) (“The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.”). Applying the rule of lenity, the Kasischke court held
that the limiting phrase “relevant to the offender’s deviant behavior pattern” must be interpreted as qualifying each of the prohibitions in section [948.30(1) (g) ]. See Clines v. State, 912 So.2d 550, 560 (Fla.2005) (applying the rule of lenity to an ambiguous statute that “generate[d] differing reasonable constructions”). In other words, the Petitioner violated the statute only if the “obscene, pornographic, or sexually stimulating” material recovered from his home was relevant to his “deviant behavior pattern.”
Kasischke, 991 So.2d at 815.[2]
As required by Kasischke, we hold that Condition 20 is limited to materials relevant to appellant’s deviant behavior in the underlying offense. We find the evidence in the record before us insufficient to support a violation of Condition 20. The trial court failed to elaborate on the connection between the images in appellant’s possession and the deviant behavior at issue in the underlying offense. In fact, the nature of the underlying offense is not disclosed in the record on appeal. While the fact that appellant was originally convicted of sexual battery on a child under twelve by a defendant less than eighteen years of age sheds some light on the nature of appellant’s crime, the record on appeal does not allow an informed decision as to what connection exists between the photographs of appellant’s own genitalia at issue and the underlying offense. Therefore, it has not been proven by a preponderance of the evidence that appellant violated Condition 20 of his probation. See Kasischke.
*1221 Even though appellant violated Conditions 9 and 18, the record does not show that the trial court would have revoked probation and imposed the same sentence based on these violations alone. Therefore, we remand this cause to the trial court for a determination as to whether probation would have been revoked and the same sentence imposed based solely on the violations of Conditions 9 and 18. See McPeek v. State, 61 So.3d 1267 (Fla. 1st DCA 2011) (ordering remand because record does not indicate whether trial court would have revoked probation based only on the violation affirmed by the reviewing court).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
LEWIS and SWANSON, JJ., concur.

. Section 948.30(1) (g), Florida Statutes provides:
Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, a prohibition on viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender’s deviant behavior pattern.

. Courts in other jurisdictions are split as to whether imposing a general ban on possession of "pornography” as a condition of supervised release is unconstitutionally vague. See McVey v. State, 863 N.E.2d 434, 447 (Ind.Ct.App.2007) (condition prohibiting possession of pornographic or sexually explicit materials was unconstitutionally vague); Fitzgerald v. State, 805 N.E.2d 857, 866-67 (Ind.Ct.App.2004) (same); State v. Bahl, 164 Wash.2d 739, 193 P.3d 678, 688 (2008) (same); and State v. Sansone, 127 Wash.App. 630, 111 P.3d 1251, 1255 (Wash.Ct.App.2005) (same); Wilfong v. Commonwealth, 175 S.W.3d 84, 99 (Ky.Ct.App.2004) (a commonsense reading of the phrase "sexually arousing materials” does not render the ambiguous phrase unconstitutionally vague regarding its use in a condition of probation); and Belt v. State, 127 S.W.3d 277, 281-82 (Tex.Ct.App.2004) (condition prohibiting possession of " 'sexually stimulating’ or 'sexually oriented’ ” material was not unconstitutionally vague); see also Commonwealth v. Perreault, 930 A.2d 553, 560 (Pa.Super.Ct.2007) (a condition is not unconstitutionally vague when statutes provide definitions of the terms); see generally Michael Smith, Barely Legal: Vagueness and the Prohibition of Pornography as a Condition of Supervised Release, 84 St. John’s L. Rev. 727 (2010).