PER CURIAM.
Appellant, J.B., appeals the revocation of his probation for committing the new offense of burglary of an unoccupied dwelling and for failing to complete required community service hours. We find no merit in appellant’s contention that the finding of a violation of probation for the burglary was based solely on hearsay. See generally Robinson v. State, 74 So.3d 570, 571-72 (Fla. 4th DCA 2011) (holding violation of probation sufficiently based on a combination of hearsay and non-hearsay evidence).
We, however, reverse the trial court’s finding of a violation of probation based on appellant’s failure to complete the required community service hours. Appellant’s probation officer began supervising appellant in February 2010. The officer testified that, prior to February 2010, appellant had not completed the required minimum of ten hours per month. Since the officer did not supervise appellant during the period of the alleged violation, his testimony was based only on his review of appellant’s file. The state was required to move these records into evidence under the business records exception to the hearsay rule to substantiate the alleged violations. See M.M. v. State, 839 So.2d 881, 882 (Fla. 4th DCA 2003); Bertoloti v. State, 831 So.2d 1281, 1281-82 (Fla. 4th DCA 2002). “As it stands, Appellant’s probation was revoked solely on the basis of hearsay.” Bertoloti, 831 So.2d at 1282.
Accordingly, we remand for the trial court to reconsider whether it would have imposed the same sentence if faced with only the supported violation. See Whitehead v. State, 22 So.3d 846, 849 (Fla. 4th DCA 2009); Brown v. State, 12 So.3d 877, 879-80 (Fla. 4th DCA 2009).

Affirmed in part, Reversed in part, and Remanded.

CIKLIN, GERBER and LEVINE, JJ., concur.