GERBER, J.
The juvenile appeals the circuit court’s revocation of his probation. He primarily argues that the court erred in: (1) finding that he violated one probation condition based solely upon hearsay; and (2) revoking his probation based upon certain uncharged violations. We agree with both arguments. Thus, we reverse the revocation of the juvenile’s probation and remand for the circuit court to determine whether it would have revoked the juvenile’s probation and committed the juvenile to a level six facility based on the only supported violation of probation.
The juvenile’s probation conditions included, among other things: (1) completing community service hours; (2) completing an anger management program; (3) attending school every day; (4) living in his parents’ home and accepting reasonable controls; (5) obeying all reasonable household rules; and (6) obeying all laws.
The state filed an affidavit for violation of probation. The affidavit alleged that the juvenile failed to obey all laws by committing the offense of possession of marijuana in an amount less than twenty grams. The affidavit also alleged that the juvenile failed to obey his parents’ reasonable controls “as evidenced by email provided by the [juvenile’s] mother.”
At the violation of probation hearing, the state first called the juvenile’s probation officer. Despite the affidavit’s reference to only two charged violations, the officer initially testified as to two uncharged violations, namely that the juvenile faded to complete any community service hours and failed to complete an anger management program.
The probation officer then testified about the affidavit’s charged violation that the juvenile failed to obey his parents’ reasonable controls. When the probation officer began testifying about his communications with the juvenile’s mother, the juvenile’s counsel objected to such communications as being hearsay. The state responded that hearsay was admissible. The court overruled the objection. The probation officer then read from the mother’s email. According to the mother’s e-mail, the juvenile stayed out one night without permission and had been skipping school. However, the state did not call the mother as a witness to verify the e-mail’s contents.
The state next called a sheriffs deputy to testify regarding the affidavit’s alleged violation of failing to obey all laws by committing the offense of possession of marijuana. The deputy testified that he personally discovered marijuana in the juvenile’s possession and arrested the juvenile on that charge.
The state then rested. The juvenile declined to introduce any testimony or other evidence.
During closing arguments, the state first discussed the uncharged violations that the juvenile failed to complete any community service hours and failed to complete an anger management program. The state next discussed the mother’s e-mail stating that the juvenile stayed out one night without permission. Finally, the state discussed the deputy’s testimony that the juvenile possessed marijuana.
After closing arguments, the circuit court orally found that the juvenile willfully and substantially violated his probation. In its oral findings, the court stated that the juvenile failed to obey his parents’ reasonable controls, did not cooperate with his anger management therapist, did not attend school, did not complete any community service hours, and broke the law. At a later hearing, the court entered a disposition order committing the juvenile to a level six facility, to be followed by conditional release.
*1040 This appeal followed. The juvenile primarily argues that the circuit court erred in: (1) finding that he failed to obey his parents’ reasonable controls based solely upon hearsay in the form of the mother’s e-mail; and (2) revoking his probation based upon the uncharged violations of failing to complete any community service hours and failing to complete an anger management program.
We agree with both arguments. See J.B. v. State, 84 So.3d 401, 402 (Fla. 4th DCA 2012) (reversing the trial court’s finding of a violation of probation based on the appellant’s failure to complete the required community service hours because that finding was based solely on hearsay); Howard v. State, 883 So.2d 879, 880 (Fla. 4th DCA 2004) (“It is a due process violation and fundamental error to revoke probation for violations not alleged in the affidavit of violation of probation.”).
Based on the foregoing, we reverse the circuit court’s revocation of the juvenile’s probation. We remand for the court to determine whether it would have revoked the juvenile’s probation and committed the juvenile to a level six facility based solely on the violation of failing to obey all laws by committing the offense of possession of marijuana. See J.B., 84 So.3d at 402 (“Accordingly, we remand for the trial court to reconsider whether it would have imposed the same sentence if faced with only the supported violation.”). If the court again revokes the juvenile’s probation based solely on the law violation, we remind the court to enter a written order specifying the probation condition which the juvenile was found to have violated. See A.T.J.F. v. State, 78 So.3d 57, 57 (Fla. 4th DCA 2012) (“[W]e remand to the trial court for entry of a written order of revocation of probation specifying the conditions appellant was found to have violated.”).
We conclude without further discussion that the juvenile’s remaining argument— that the circuit court allegedly departed from its neutral role during the violation of probation hearing — lacks merit.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

MAY, C.J., and LEVINE, J., concur.