IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TIMOTHY GENE MALONE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-1091

_____/

Opinion filed September 10, 2014.

An appeal from the Circuit Court for Union County.
David A. Glant, Judge.

Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Timothy Gene Malone challenges the trial court's order revoking his probation based on multiple violations and the imposition of a sentence of fifteen years' imprisonment as a consequence of the probation violation. As correctly

conceded by the State, the record does not support that Malone willfully and substantially violated certain conditions of probation, we reverse the order to the extent that it relies on those grounds for revocation, and remand for additional proceedings.

Malone was charged with violating four conditions of his probation: condition 2 (failure to pay the monthly cost of his supervision); condition 3 and condition 23 (failure to pay court costs and the cost of drug testing); and condition 16 (failing to successfully complete or remain in psychosexual treatment until the provider determines such treatment is no longer necessary). Subsequently, DOC filed an addendum to the original violation report that included an additional violation of condition 3 (changing residence without obtaining consent of the probation officer).

After rejecting two proposed plea agreements, the trial court held a violation of probation (VOP) hearing. At the VOP hearing, the trial court initially took judicial notice of Malone's earlier judgment and sentence and the order of probation in the court file. The State called Correctional Probation Officer Carolyn Gaten, who testified that she was in charge of supervising Malone while he was on probation, and that Malone was instructed as to the orders and conditions of his probation. Officer Gaten stated that Malone had not paid any of his required fees,

and had not filed any employment logs to document his attempts to gain employment.

Officer Gaten testified that the mental health therapist from Malone's original treatment program notified her that Malone had been removed from treatment in that program due to a conflict of interest, which consisted of someone, who identified themselves as Malone's attorney, calling the program and accusing the program of violating Malone's rights. Officer Gaten stated that Malone was referred to another treatment program; that he notified the probation office that he lacked the funds to pay for the appointment on the date of referral; and that another appointment was scheduled for him at a time when he said he could make the payment. Officer Gaten stated that Malone failed to show up to the rescheduled appointment, and that she had not had any contact with Malone after that missed appointment. Officer Gaten testified that she never gave Malone permission to either move from the Danese Street address listed in his probation file or remove his personal location monitor.

On cross examination, Officer Gaten stated that Malone was given referrals to employment sites and was supposed to turn in unemployment referrals if he was not able to obtain employment. Officer Gaten testified that up until he was charged with VOP, Malone regularly reported to her; attended sex offender

3

treatment sessions as scheduled until he was removed from his initial program; passed his drug screens; and met his curfew requirements.

Malone took the stand and testified that he attempted to obtain employment at the places to which the probation office referred him, but that he could not work at those places, such as a shopping mall, due to his sexual offender status. Malone stated that he unsuccessfully tried to obtain employment as a day laborer, and eventually resorted to collecting aluminum cans and trapping and selling a raccoon to pay for his court-ordered psychosexual therapy. Malone testified that he is not from Florida; that he has no family or friends to assist him monetarily; and that he has no bank accounts or other sources of income or property. Malone stated that he advised Officer Gaten that he was trying to find employment.

Malone stated that his former roommate, a transgendered individual known alternately as James or Sharon Fisher, with whom he had been operating a boardinghouse, called Malone's first treatment program posing as his attorney so that Malone would get thrown out, be found in violation of his probation, and enable the roommate to retain all the profits from the boardinghouse business. Malone testified that the second treatment program in which he was enrolled cost more than the original program; that he nevertheless had come up with the money to pay for the class; but that the night before the class, the money was stolen from his nightstand.

Malone admitted to leaving the Danese Street residence without permission and to cutting off his GPS monitoring bracelet, but only did so because the probation office told him he was going to either go to the class, which he had no money to pay for, or go to jail. Malone also conceded that he did not turn in any documentation showing that he was searching for employment.

The trial court asked Malone if he had informed Officer Gaten about his problems with Fisher, and Malone replied that he had told Officer Gaten about the issues. The trial court recalled Officer Gaten to the stand, and she stated that she did not remember Malone telling her about Fisher lodging harassing calls to his treatment program; rather, she learned about the calls from the documentation sent by the treatment program. Officer Gaten stated that she had received various calls from Fisher, adopting the persona of either James or Sharon, who complained about Malone not fulfilling his probation obligations.

Following the testimony, the trial court found Malone was in willful and substantial violation of his probation, opining that he had failed to meet several of his conditions of probation, including his monetary requirements; that he could offer nothing to prove that he had actively been seeking employment; that he chose to cut off his GPS monitor and leave his registered residence; and that he chose not to attend his sex offender treatment program. In mitigation of sentence, Malone's counsel argued that Malone turned himself in when he became aware a warrant for

5

his arrest had been issued, and that his primary problem was financial; the trial court retorted "[w]hat was financial about cutting the electronic monitoring bracelet and leaving it abandoned?" Based on the VOP, the trial court revoked and terminated probation, and imposed a sentence of 15 years' imprisonment, with credit for time served, in both DOC and county jail. The written order of probation revocation stated that Malone was in violation of conditions 2, 3, 22, and 73. This appeal ensued.

"To justify revocation, a violation of a condition of probation must be both willful and substantial." Mier v. State, 58 So. 3d 319, 321 (Fla. 1st DCA 2011). "This court reviews the trial court's decision to revoke probation for an abuse of discretion." Hostetter v. State, 82 So. 3d 1217, 1219 (Fla. 1st DCA 2012). When some grounds of probation violation are upheld and others are invalidated, the proper course of action is to reverse the order revoking probation and remand for reconsideration, unless the record clearly demonstrates that the trial court would have revoked probation based only on the upheld revocation grounds. Id. at 1221; see also David v. State, 75 So. 3d 386, 388 (Fla. 1st DCA 2011) ("Although a violation of condition 18 could alone support revocation, because the record does not establish that the trial court would have revoked probation and imposed a 15–year sentence on a violation of condition 18 alone, this court is required to remand

for the trial court to reconsider its decision to revoke probation and to impose the same sentence.").

Pursuant to the State's concession that finding Malone willfully and substantially violated the monetary conditions of his probation was an abuse of discretion, at the very least the order of revocation must be remanded to allow the entry of an amended order omitting those violations as grounds for revocation, namely conditions 2, 3, and 23.[1]  Likewise, Malone testified that the reason he failed to attend his court-ordered treatment at the second treatment program was because he lacked the funds to pay for that session.  Malone further testified that the probation office instructed him that if he failed to attend the scheduled treatment class, he would be sent back to jail.

Based on this testimony, which was uncontroverted by any of the State's witnesses, Malone's violation of condition 16 was rooted in his inability to pay.  It seems that the same logic the State recognizes applies to invalidate the violations of 2, 3, and 23 as grounds for revocation would, under the circumstances, apply with equal force to invalidate the violation of condition 16 as a basis for revocation.  Accordingly, Malone's violation of condition 16 could be interpreted as substantial, but not willful.

---

[1] Due to an apparent scrivener's error, the revocation order states that Malone was found guilty of violating conditions 2, 3, 22, and 73; whereas Malone was actually charged with violations of conditions 2, 3, 23, and 16.

Nevertheless, there is competent substantial evidence that Malone removed his GPS tracking monitor and left his listed residence without permission from his probation officer in violation of a provision of condition 3; Malone conceded this violation at the VOP hearing and in his appellate brief. Because this is the only violation supported by the record, the case must be remanded for the trial court to reconsider its revocation and sentencing decisions because it is not clear whether it would have revoked probation or imposed the same sentence based on only one violation. See Hostetter, 82 So. 3d at 1221; see also David, 75 So. 3d at 388.

Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

VAN NORTWICK, CLARK, AND SWANSON, JJ., CONCUR.