DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.E.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D20-1338 and 4D20-1339

[April 14, 2021]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael J. Orlando, Judge; L.T. Case Nos. 17-002152 DLA and 19-002737 DLA.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

A.E., a juvenile, appeals a finding that she violated her probation by failing to complete community service hours and an adjudication of delinquency for the new offense of possession of eutylone, a controlled substance. We affirm the adjudication of delinquency without further discussion.

However, we reverse the finding of violation of probation for failure to complete community service hours because a finding of violation of probation may not be exclusively based on hearsay evidence. *See J.B. v. State*, 84 So. 3d 401, 402 (Fla. 4th DCA 2012). Per the terms of A.E.'s probation, she was supposed to complete 75 community service hours by October 2018. At the violation of probation hearing, A.E.'s probation officer testified that she began supervising A.E. in January 2020. She further testified that A.E. failed to comply with the conditions of her probation by failing to complete all 75 hours. The probation officer acknowledged, however, that she had no personal knowledge of any events prior to January 28, 2020, and that her testimony was based on her review

of A.E.'s file. The file was not moved into evidence, and no further evidence was presented concerning the violation. The trial court found that A.E. violated her probation by failing to complete the community service hours, among three other unchallenged grounds.

Because the violation of probation for failing to complete community service hours was based entirely on hearsay evidence, we reverse that finding and remand "for the trial court to reconsider whether it would have imposed the same sentence if faced with only the supported violation[s]." *Id.*

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, GERBER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2